**Salvador GONZALEZ et al., Appellants,**

**v.**

**R. Wayne MANN et al., Appellees.**

**No. B2010.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 16, 1979.

Rehearing Denied June 13, 1979.

Jack Pasqual, Samuel C. Fried, Law Offices of Pat Maloney, San Antonio, for appellants.

William H. White, H. Wayne Gillies, Law Offices of H. Wayne Gillies, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

COULSON, Justice.

This is an appeal by Salvador Gonzalez and Pedro Gonzalez, plaintiffs below, from an order of the trial court dismissing their cause of action. We reverse the judgment of the trial court and remand the cause for trial.

The procedural history of this case is complex. Plaintiffs filed suit (the original suit) in Zavala County against defendants seeking various remedies arising from an alleged breach of a contract for the sale of real estate. On sustaining of defendants' plea of privilege the original suit was transferred to the 129th District Court of Harris County. Defendants served interrogatories on plaintiffs pursuant to Tex.R.Civ.P. 168. Upon plaintiffs' failure to make timely answer to such interrogatories, defendants sought and obtained an order from that trial court compelling plaintiffs to answer. Upon plaintiffs' failure to answer within the ten days provided in that order, the court entered judgment dismissing the original suit "with prejudice to the rights of Plaintiffs to ever assert the same or any other cause of action arising from the subject matter of this suit against any one or all of the Defendants. . . ."

The plaintiffs did not appeal the dismissal of the original suit but instead filed an identical suit (the second suit) in the 152nd District Court of Harris County. The defendants filed a plea in abatement in the second suit asserting that the previous judgment of dismissal, "with prejudice" in the original suit was res judicata of the issues in the second suit. The trial court sustained the plea in abatement, dismissed

the second suit and entered a take-nothing judgment. Plaintiffs appealed to this court and we remanded the second suit to the 152nd District Court, holding that the defense of res judicata could not be raised in a plea in abatement but must be raised by a plea in bar and should be presented in a conventional trial on the merits or in a summary judgment proceeding.

After the decision of the 152nd District Court dismissing plaintiffs' second suit on the ground of res judicata, plaintiffs had filed a bill of review in the 129th District Court attacking the validity of that court's dismissal of their original suit with prejudice for failure to comply with the discovery order. On remand by this court of the second suit to the 152nd District Court, the defendants filed a motion for summary judgment. That court ordered another dismissal of the plaintiffs' second suit, reciting that it was without jurisdiction to hear the case "by reason of the Bill of Review pending on the same issues between the same parties in the 129th Judicial District Court of Harris County, Texas . . . ." Plaintiffs appeal from the last judgment of dismissal by the 152nd District Court of the plaintiffs' second suit.

■ The primary question presented in this appeal is whether the bill of review pending in the 129th District Court operated to deprive the 152nd District Court of jurisdiction over the second suit. We hold that it did not. The general rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction, to the exclusion of other coordinate courts. Any subsequent suit must be dismissed if that court is properly informed of the pendency of the prior suit. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.Sup.1974). The original suit filed by plaintiffs was dismissed with prejudice on April 28, 1975 by the 129th District Court. No appeal was taken from that judgment and it therefore became final, under rule 329b, Tex.R.Civ.P., thirty days after that date. Plaintiffs' second suit was filed in the 152nd District Court on July 10, 1975, some months after the judgment of the 129th District Court in the original suit had

become final. Thus when the second suit was filed in the 152nd District Court there was no prior case *pending* involving the same issues and parties in any coordinate court. Jurisdiction was therefore proper in the 152nd District Court and this jurisdiction continues throughout the pendency of this law suit, dating from the original date of its filing, July 10, 1975.

The 152nd District Court handed down its first order of dismissal in the second suit on February 9, 1976. Appeal was taken from that judgment, a remand was ordered by the appellate court and a new hearing was held on the second suit which also ended in an order of dismissal on July 25, 1978. The order dated the 25th day of July 1978, dismissing the second suit is before us on appeal by the plaintiffs. No order of the 152nd District Court pertaining to the second suit has yet become a final judgment because appeal has been taken therefrom and no final disposition by an appellate court has resulted. Therefore this case remains a pending case and has been pending from July 10, 1975.

■ Plaintiffs filed their bill of review attacking the judgment of the 129th District Court on February 19, 1976. A bill of review presumes the existence of a judgment which has become final by reason of the expiration of periods allowed for appeal. "By its very nature a bill of review is a separate suit seeking to set aside a judgment which has become final. [Citations omitted.] The mere filing of a bill of review does not affect the finality of the judgment which is sought to be set aside." *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex. Sup.1975). As an independent suit attacking a final judgment, a bill of review does not revive the prior cause, and, for purposes of determining the date of filing, would date from the filing of the bill of review itself and not from the date of filing of the case which led to the judgment attacked in that bill of review. Thus the case before us, from the 152nd District Court, was filed before the bill of review, and there was no case pending in any other court at that time which would serve to deprive the 152nd

District Court of jurisdiction. That court's dismissal of this cause for want of jurisdiction was error, and we reverse that judgment and remand the cause to the lower court for trial.

In light of our remand of this case for trial, we consider the propriety of the original action of the 129th District Court in dismissing plaintiffs' original suit with prejudice for failure to comply with a discovery order. Rule 168, Tex.R.Civ.P. deals with Interrogatories to Parties and provides for a party to apply to the court for an order to compel answers to interrogatories. It further provides that a refusal to comply with such order authorizes the court to act "as provided in paragraphs (a) and (b) of Rule 215a." Tex.R.Civ.P. 168. Paragraph (b) of Rule 215a states that if the party refuses to comply with a discovery order the court "may make such orders in regard to the refusal as are just, and among others, those permitted by Rule 170." Tex.R.Civ.P. 215a(b).

 Under rule 170(c) Tex.R.Civ.P. the court is authorized to make "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Rule 170, although it does authorize a court to dismiss the action for failure to comply with an order compelling discovery, does not give a court authority to make such dismissal "with prejudice". *Texhoma Stores, Inc. v. American Central Ins. Co.*, 398 S.W.2d 344 (Tex.Civ.App.-Tyler 1966, writ ref'd n. r. e. per curiam 401 S.W.2d 593). We believe that the authority given to the trial court by rule 170 to dismiss the action is limited to the authority to order a "dismissal" as it is commonly understood: "It is elementary that a dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Civil Appeals for the 8th Sup. Judicial District*, 362 S.W.2d 101, 104 (Tex.Sup.1962).

A dismissal "with prejudice" on the other hand does constitute an adjudication of the rights of the parties and is therefore a much harsher sanction than a mere dismissal. We agree with the *Texhoma* court, *supra*, that rule 170 does not authorize a dismissal "with prejudice" as a sanction for failure to comply with a discovery order. *See also*, our opinion in *Phillips v. Vinson Supply Co.*, 581 S.W.2d 789 (Tex.Civ.App.-Houston [14th Dist.] 1979).

Under our findings therefore the words "with prejudice" are to be regarded as mere surplusage and the effect of the judgment of the 129th District Court is that of a mere dismissal of plaintiffs' case. As such it could not bar the refiling and prosecution of the same cause of action in the 152nd District Court. The judgment of the trial court is reversed and we remand the cause to that court for trial.

CIRE, J., not participating.