Salvador GONZALEZ et al., Appellants,

v.

R. Wayne MANN et al., Appellees.

No. A2064.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 18, 1979.

Rehearing Denied Aug. 8, 1979.

Pat Maloney, San Antonio, for appellants.

William H. White, Margaret A. Pollard, Law Offices of William H. White Associates, H. Wayne Gillies; Law Offices of H. Wayne Gillies, Houston, for appellees.

Before MILLER, PRESSLER and SALAZAR, JJ.

MILLER, Justice.

This is an appeal from a summary judgment granted to the defendant in a suit for bill of review. We reverse and remand.

Salvador Gonzalez, et al., brought suit in Zavala County (First Suit) asking for various remedies arising from breach of a land sale contract. The defendants' plea of privilege was sustained and the suit was transferred to the 129th District Court of Harris County, Cause No. 999,910. The plaintiffs failed to timely answer interrogatories. The defendants sought and obtained an order to compel the plaintiffs to answer the interrogatories within ten days. After the plaintiffs failed to obey the previous order, the trial court entered judgment dismissing the suit "with prejudice" to the plaintiffs' right to bring the cause of action again.

No appeal was taken from that dismissal but instead the plaintiffs filed a suit for declaratory judgment, Cause No. 1,034,104, in the 152nd District Court of Harris County. (Second Suit) Defendants filed a plea in abatement and asked for a dismissal which was granted. The plaintiffs appealed that dismissal to this court as well as filing a Third Suit, Cause No. 1,063,128, for a bill of review of the First Suit. We reversed and remanded the appeal in the Second Suit. *Gonzalez v. Mann*, No. 1407 (Tex.Civ.App.—Houston [14th Dist.], December 1, 1976). Upon remand defendants moved for summary judgment on the ground that the then pending bill of review deprived the trial court of jurisdiction to hear the Second Suit. The trial court granted the summary judgment. Plaintiffs appealed to this court. We held that there had been no case pending at the time of the filing of the Second Suit, as a bill of review does not revive the prior cause and we again reversed and remanded. *Gonzalez v. Mann*, 583 S.W.2d 637 (Tex.Civ.App.—Houston [14th Dist.], 1979).

In the meantime in the Third Suit, defendants filed a motion for summary judgment on the ground that the plaintiffs were not entitled to a bill of review as a matter of law. The trial court granted the summary judgment and the plaintiffs again appeal.

In the first point of error we are met with plaintiffs' contention that because

the order which the bill of review sought to set aside was void, it was not necessary for them to meet the bill of review requirements. We already decided in the appeal from the Second Suit that the trial court had no authority to dismiss the First Suit "with prejudice" under Tex.R.Civ.P. 168, 215a and 170(c) and we struck "with prejudice" as surplusage. This case also falls into the class of cases in which the Texas Supreme Court has held that where the trial court has jurisdictional power to render judgment on the merits, the litigant must utilize a bill of review proceeding. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). Only if a judgment is "void in law" can a litigant make an attack by any collateral method. Consequently, even if the "dismissal with prejudice" was allowed to stand, the plaintiffs would have had to meet the bill of review requirements in a direct attack.[1]

The first point of error is overruled.

In their second and third points of error the plaintiffs complain of the granting of defendants' motion for summary judgment. In their pleadings the plaintiffs alleged that: (1) they were not afforded the opportunity to approve the motion to compel; (2) the plaintiffs' new attorney wrote to defendants' attorney saying that he had not received the interrogatories and asking that no further order be entered; (3) notwithstanding the above letter, the defendants obtained an order of dismissal; (4) the order of dismissal did not affirmatively show a certificate of service on plaintiffs' new attorney; (5) plaintiffs were "lured into relying upon said representation and custom and usage in the district court of furnishing both sides copies"; (6) they had a meritorious claim; (7) they were not at fault; (8) they had a right to be furnished with a copy of the order of dismissal and were deprived of this right by the defend-

ants; and (9) the court clerk failed to send them notice of the judgment pursuant to Tex.R.Civ.P. 306d.

In the usual bill of review the plaintiffs have to allege and prove that they have a (1) meritorious cause of action, (2) which they were prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of their own. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950); *Gracey v. West*, 422 S.W.2d 913 (Tex.1968). Several cases, however, have modified this rule.

In *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964) the defendant neglected to file an answer and suffered a default judgment. Within ten days of judgment the defendant's attorney called the court and was told by the clerk that nothing had been done when in fact the judgment had been entered on the minutes that very day. The defendant subsequently filed an answer. Nothing further was done by him until the Sheriff attempted to levy execution on his property. The defendant then brought suit for equitable relief. The Texas Supreme Court said:

> Hanks was negligent as a matter of law. This negligence, however, was in failing to file an answer in time, not in his failure to timely file a motion for new trial. . . . Since there was a reliance on the erroneous official information given by the clerk, it was unnecessary for Hanks to show, as required under the other circumstances in *Hagedorn*, that he was prevented from filing his motion for new trial because of some accident, fraud, or wrongful act of the opposing party. . . .

The Supreme Court then summarized:

> . . . assuming that the failure to file an answer is not intentional or the result

---

1. The plaintiffs direct us to *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959) in which the Supreme Court upheld orders on motions to vacate void judgments. In *McEwen, supra*, 345 S.W.2d at 711, Justice Calvert specifically distinguishes *Freeman*, by stating that the exclusiveness of remedy by bill of review as provided in Rule 329b was not presented or decided.

of conscious indifference, that if a litigant is misled or prevented from filing a motion for new trial by misinformation of an officer of the court, acting within his official duties, and this misinformation is given to the party or his counsel within the ten-day period for filing the motion for new trial so as to bring about the failure to file a motion for new trial in time, the trial court, upon finding that the party has a meritorious defense and that no injury will result to the opposition, may grant the bill of review.

In *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex.1974) the Supreme Court held that a bill of review might be predicated upon the court clerk's failure to send notice of the signing of the judgment as required by Tex.R.Civ.P. 306d.

We hold that the *Hanks* or *Carroll* rules will apply to cases where the party is prevented from taking the necessary first step toward perfecting an appeal. In the first suit, the plaintiff had two rights: (1) to file an answer to the interrogatories to prevent dismissal and (2) to file an appeal bond within 30 days after the dismissal was ordered. In the spirit of *Hagedorn, Carroll* and *Hanks* we hold that to prevail in the bill of review, plaintiffs had the burden of proving:

(1) that the failure to answer the interrogatories was not intentional or the result of conscious indifference;

(2) that they had a meritorious claim;

(3) that they were not informed by the clerk of the dismissal judgment pursuant to Tex.R.Civ.P. 306d;

(4) that they were therefore prevented from perfecting an appeal and

(5) that the opposite party would not be caused to suffer injury by the granting of a bill of review.

The defendants, in their motion for summary judgment, had the burden of disproving at least *one* of these elements as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d

589 (Tex.1975); *Taylor v. Fred Clark Felt Co.*, 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.). (Emphasis ours.) The only proper summary judgment proof presented by the defendants was an affidavit by their attorney of record. The defendants' pleadings in the cause, even though verified, are not evidentiary. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). The affidavit essentially set out that the attorney had mailed to the plaintiffs' attorney of record, as well as to their new attorney: the interrogatories, the motion to compel, notice of the hearing on the motion to compel, the proposed order granting the motion to compel, and the signed order to compel. Plaintiffs submitted three affidavits. One was by an attorney which swore that he had reviewed the plaintiffs' attorney's records and found no notice of dismissal. Another was by plaintiffs' new attorney of record swearing that he had not received notice of the hearing on the motion to compel, a copy of the order to compel nor a copy of or notice of the order of dismissal. The third affidavit was by plaintiffs' attorney in the bill of review to the effect that they had been prosecuting available remedies with diligence.

We think that the only proof offered by defendants attempted to address the question of whether the failure to answer the interrogatories was intentional or the result of conscious indifference. Defendants' proof only related to whether the plaintiffs had been notified at various steps in the proceeding. Even if the failure to answer was negligent as a matter of law, it cannot be said by implication that such failure was intentional or the result of conscious indifference. Every reasonable inference must be made in favor of the non-movants and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio, Inc., supra.* Defendants did not disprove any of plaintiffs' necessary bill of review requirements as a matter of law and therefore the judgment must be reversed and remanded.

The second and third points of error are granted.

The trial court's judgment is reversed and remanded.