**Martha SKINNER and Stephen Skinner, Appellants,**

**v.**

**GRIMES IRON & METAL, Appellee.**

No. 2–88–152–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1989.

———

Don R. Stewart, Arlington, for appellants.

Fillmore, Herrick & Harrington, Brooks Harrington and K. Marvin Adams, Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

OPINION

FARRIS, Justice.

Martha and Stephen Skinner appeal the dismissal with prejudice of their suit against Grimes Iron & Metal. The Skinners' suit was dismissed as an imposition of sanctions for failure to completely answer interrogatories. On appeal the Skinners complain that the trial court abused its discretion in dismissing their cause of action because (1) the court should have first

exhausted other available remedies to force compliance with a discovery order, (2) the order of dismissal with prejudice was excessively harsh, (3) the Skinners had supplemented their discovery prior to the filing of Grimes' motion to dismiss, and (4) the answers to interrogatories and responses to discovery "when viewed as a whole, provided full and responsive answers to such discovery." We overrule the Skinners' point of error because (1) the failure to first apply less punitive sanctions than dismissal with prejudice does not constitute an abuse of discretion, (2) dismissal of a cause of action with prejudice is analogous to dismissing a defendant's answer as a sanction for failure to make discovery and was not inappropriate in this case, (3) the fact that the Skinners belatedly supplemented discovery does not preclude the trial court from dismissing their suit as a sanction, and (4) the Skinners did not fully respond to Grimes' interrogatories.

In support of their point of error, the Skinners cite several cases that criticize or condemn dismissal of a party's cause of action as a sanction for abuse of discovery. *See Gonzalez v. Mann,* 583 S.W.2d 637, 640 (Tex.Civ.App.—Houston [14th Dist.]), *rev'd on other grounds,* 595 S.W.2d 102 (Tex.1979); *Phillips v. Vinson Supply Co.,* 581 S.W.2d 789, 792 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Plodzik v. Owens–Corning Fiberglass Corp.,* 549 S.W.2d 52, 54 (Tex.Civ.App.—Austin 1977, no writ); *Ebeling v. Gawlik,* 487 S.W.2d 187, 189–90 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); *Texhoma Stores, Inc. v. American Central Ins. Co.,* 398 S.W.2d 344, 347 (Tex.Civ.App.—Tyler 1966), *rev'd on other grounds,* 424 S.W.2d 466 (Tex. Civ.App.—Dallas 1968, writ ref'd n.r.e.). None of these cases are persuasive. Each was handed down before the amendments to the Rules of Civil Procedure, effective January 1, 1981 and April 1, 1984. The amendments substantially rewrote the rules on discovery and sanctions for abuse of discovery, implementing harsh sanctions as a means to punish those who abuse discovery to discourage such practices. *See* Kilgarlin & Jackson, *Sanctions for Discovery Abuse Under New Rule 215,* 15 ST. MARY'S L.J. 767 (1984). The general tenor of those opinions handed down after the adoption of rule 215 is consistent with the determination to put an end to discovery abuse. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–43 (Tex.1985).

■ We reject the Skinners' argument that the trial court should have first exhausted other remedies before dismissing their cause of action and their complaint that dismissal with prejudice was unduly harsh. The authorities cited by them are no longer relevant. The imposition sanctions such as dismissal with prejudice is consistent with the intent behind recent rule changes to discourage further abuse discovery. *See* Pope & McConnico, *Practicing Law with the 1981 Rules,* 32 BAYLOR L.REV. 457, 467–68 (1981). Further, dismissal with prejudice is analogous to the sanction against a defendant of dismissal of its answer and granting the plaintiff a default judgment. *See Drozd Corp. v. Capitol Glass & Mirror,* 741 S.W.2d 221, 224 (Tex.App.—Austin 1987, no writ).

■ We also reject the Skinners' arguments that they ultimately met Grimes' complaints by supplementing their discovery, a fact not borne out by the record, and that a belated supplement of discovery precludes sanctions. *See id.* at 223.

We overrule the Skinner's point of error and affirm the judgment of the trial court.