**Lou Ann HOGAN, Appellant,**

v.

**Jeff BECKEL, Taylor Sommer, Scott Autry & Hector J. Torres, Appellees.**

No. 04–88–00395–CV.

Court of Appeals of Texas, San Antonio.

Dec. 29, 1989.

Rehearing Denied Feb. 9, 1990.

Michael G. Lockwood, Austin, for appellant.

John Milano, Jr., Thornton, Summers, Biechlin, Dunham & Brown, Otto S. Good, and Jo Chris G. Lopez, Shaddox, Compere, Gorham & Good, San Antonio, for appellees.

Before CADENA, C.J., and PEEPLES and BIERY, JJ.

OPINION

CADENA, Chief Justice.

Plaintiff, Lou Ann Hogan, whose suit to recover damages for libel and slander was

dismissed with prejudice because of her failure to appear for a deposition, now seeks reinstatement of her suit. She argues that the dismissal with prejudice constituted an abuse of the trial court's discretion.

Plaintiff's suit was filed on March 9, 1988. On Thursday, April 14, 1988, after 4:00 p.m., defendants delivered to the office of plaintiff's counsel their original answer and a notice that the deposition of plaintiff and her husband would be taken the following Monday, April 18, 1988, at 10:00 a.m. Plaintiff's counsel was out of town on Thursday and Friday, April 14 and 15, but, by hand-delivered letter dated April 15, he requested that the depositions be rescheduled, and explained that he had a conflicting court setting and various other commitments over the ensuing two weeks. He stated that if defendants' attorneys did not agree to a rescheduling of the depositions, a motion for a protective order would be filed.

Defendants' attorneys decided to delay calling plaintiff's counsel until the morning of Monday, April 18, the date which defendants' counsel had set for the taking of the depositions. The call revealed that plaintiff's counsel was indeed in court. After plaintiff failed to appear for the scheduled deposition, counsel for defendants obtained a certificate of non-appearance.

Later that same day the attorneys for the parties met and tentatively agreed to take the depositions of plaintiff and her husband on May 9. After this meeting, but before May 9, plaintiff moved to Schenectady, New York, in order to obtain employment. She explained that she was trying to mitigate the damages resulting from her loss of employment because of defendants' defamatory statements.

On Thursday, May 5, plaintiff's attorney, by hand-delivered letter, told defendants' lawyers he had just learned plaintiff had obtained employment outside of Texas which might interfere with the taking of the depositions on May 9, but that he would know by May 6 whether it would be necessary to reschedule the taking of plaintiff's deposition. On May 6 plaintiff's attorney notified counsel for defendants, again by hand-delivered letter, that plaintiff could not appear for the taking of her deposition on May 9 because her employment began on that date, but that her husband would be available on May 9. Several efforts to telephone the office of defendants' counsel produced no answer from defendants' counsel.

On May 9, after plaintiff failed to appear for her deposition, defendants' attorneys obtained a certificate of non-appearance and on the morning of May 10 filed a motion seeking the dismissal of plaintiff's suit because of her failure to appear for the deposition. By letter dated May 13, counsel for defendants was told that the Hogans would be available for depositions the last week in June or on any weekend in the interim. The motion for dismissal was heard and granted on May 16, 1988.

We reverse and order plaintiff's suit reinstated.

■ Dismissal of a suit with prejudice because of plaintiff's failure to appear for a deposition is justified only where there has been reasonable notice of the deposition. *See* TEX.R.CIV.P. 200(2)(a); 215(1)(b)(2)(a) and 215(2)(b)(5).

Whether notice is reasonable depends on the circumstances of each case. In *Bohmfalk v. Linwood*, 742 S.W.2d 518 (Tex.App.—Dallas 1987, no writ), plaintiff failed to appear at a deposition of the witness although he received notice four days prior to the setting. Plaintiff totally ignored the notice, voiced no objection and did not seek a postponement. It was not until defendant offered the deposition in evidence at the trial that plaintiff objected to its admission on the ground that he was not given sufficient notice of the date set for taking the deposition. The court of appeals, while noting that four days' notice "was, perhaps, somewhat scant," concluded that such notice "was not unreasonable per se." *Id.* at 520.

*Bohmfalk* did not involve imposition of a sanction as drastic as dismissal of suit with prejudice, nor does the opinion reflect that the plaintiff tried to cooperate in the dis-

covery process. The opinion does not identify the day of the week or the time of day when plaintiff received the notice of the setting. If the notice consisted of four working days, the situation in *Bohmfalk* was significantly different from the circumstances in this case, where the four days included only one full working day. In this case, although he was out of town when the late afternoon notice was left at his office, plaintiff's attorney immediately notified counsel for defendants of existing conflicts and requested a rescheduling of the depositions.

We assume that defendants' counsel had a valid reason for deliberately avoiding a response to plaintiff's request for a rescheduling of the depositions until the time set for the deposition. Whatever the reason for the intentional delay, the telephone call to the office of plaintiff's lawyer confirmed the statement concerning a conflicting court appearance.

In this case the timing of delivery of the notice and the brevity of the period between the notice and the time set for taking the deposition combined to place plaintiff and her attorney in an awkward, and probably untenable, position. The result was to give plaintiff and her attorney the benefit of only one working day between delivery of the notice and the time selected by defendants for taking the deposition.

The time unilaterally selected by defendants' attorneys would force plaintiff's counsel, his staff, and plaintiff to abandon whatever other pressing matters they might have. Plaintiff's counsel would have had to ignore a prior court setting in order to appear at the deposition. Where, as in this case, the party's lawyer is out of town, the problems are multiplied. Even if a protective order could have been sought and a hearing set for Monday morning, plaintiff's attorney would have been forced to ignore the prior court setting and be prepared to be present for the deposition if the motion for protective order was denied.

■ Under the circumstances of this case, i.e., the failure of the record to show a justifiable explanation for the rush to depose and the deliberate refusal to respond to plaintiff's request for a postponement, the late Thursday afternoon notice for a Monday morning deposition is not reasonable notice under TEX.R.CIV.P. 200(2)(a). The failure of plaintiff to appear for the deposition 10:00 a.m. Monday, April 18, cannot be characterized as discovery abuse and cannot be considered in determining whether the dismissal was an abuse of discretion.

■ The only other possible justification for the dismissal of plaintiff's suit is her failure to appear for the May 9th deposition. Once a violation of the rules relating to discovery occurs, the trial court has the discretion to choose which of the permissible sanctions will be imposed. *Medical Protective Co. v. Glanz*, 721 S.W.2d 382, 387 (Tex.App.—Corpus Christi 1986, writ ref'd). Since dismissal with prejudice is within the powers granted to the court by TEX.R.CIV.P. 215, the question to be determined in this case is whether the exercise of that power was an abuse of discretion. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

There is an abuse of discretion if the court acts without reference to any guiding rules and principles, or if it acts in an arbitrary or unreasonable manner. *Downer*, 701 S.W.2d at 241–42. Dismissal with prejudice may be reasonable when the plaintiff is guilty of actual bad faith in discovery abuses and great harm comes to the defendant as a result. Kilgarlin & Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 ST. MARY'S L.J. 767 at 801–02 (1984), cited with approval in *Monaghan v. Crawford*, 763 S.W.2d 955 (Tex.App.—San Antonio 1989, no writ).

The extreme sanction of dismissal with prejudice has been imposed when a plaintiff disobeys a court order or repeatedly commits discovery abuses. *Tate v. Commodore County Mut. Ins. Co.*, 767 S.W.2d 219 (Tex.App.—Dallas 1989, writ denied). In the case before us, plaintiff failed to attend only one deposition for which she had proper notice and which she tried to reschedule. Dismissal with prejudice for this failure is not justified, without a showing of actual bad faith by the plaintiff with

resulting serious harm suffered by the defendant. *Ray v. Beene,* 721 S.W.2d 876, 879–880 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).[1]

The record does not support the conclusion that plaintiff was attempting to thwart defendants' efforts at discovery. From the beginning plaintiff's counsel constantly informed defendants' attorneys of potential problems and actual conflicts, and exhibited a readiness to have the deposition of plaintiff's husband taken May 9th and suggested alternative dates for the plaintiff to be deposed. At the time the suit was dismissed the case had been pending for less than two and one-half months, and the dismissal occurred only one month and two days after defendants filed their answers.

The judgment of the trial court is reversed and the case is ordered reinstated on the docket of the trial court.

BIERY, Justice, concurring.

I concur in the result based on the use of the dismissal with prejudice sanction in this fact situation thirty-two days after issue was joined.

Because of the sensitive nature of the case, counsel for the defendants were no doubt doing their best for their clients to dispose of the matter expeditiously. This goal, nevertheless, must be balanced against a reasonable opportunity for opposing counsel to develop his client's asserted cause of action.

The trial judge's decision was no doubt based on a belief that there were two valid certificates of non-appearance by plaintiff. As set forth in the main opinion, the first certificate of nonappearance was based on short notice and, as a practical matter, nullified by the subsequent agreement of counsel to reschedule the deposition.

I agree that the cause of action should be reinstated for further proceedings.

---

1. We do not suggest that a trial court must exhaust other remedies before dismissing a cause of action with prejudice. *See Skinner v.*

*Grimes Iron & Metal,* 766 S.W.2d 550 (Tex.App. —Fort Worth 1989, no writ).