**Roland G. SCHMITT, III and Joseph A. Bellino, III, Appellants,**

v.

**Wilma Harper BORDELON, Independent Executrix of the Estate of Charlcie Harper Townson Schmitt, Deceased, Appellee.**

No. 2–91–257–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 22, 1992.

Rehearing Denied Jan. 26, 1993.

William L. Smith, Jr., Denton, for appellants.

Robert N. Eames, Phillips & Hopkins, Denton, G.H. Kelsoe, Jr., Kelsoe, Anderson & Khoury, Dallas, for appellee.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

WEAVER, Chief Justice.

This is an appeal from a default judgment entered pursuant to the trial court's assessment of discovery abuse sanctions.

We affirm.

Roland Schmitt, the decedent's surviving husband, brought a probate suit to recover property under the terms of decedent's will, to set aside community property, and for recovery of a spousal allowance. Schmitt was served with interrogatories and a request for production by Wilma Harper Bordelon, the independent executrix of decedent's estate, on June 28, 1990. It was undisputed that Schmitt never responded to the discovery requests. The interrogatories inquired about persons with knowledge of relevant facts and expert witnesses. The request for production included a request for all documents that Schmitt intended to introduce at trial.

The case was set for trial on November 13, 1990. After the jury was empaneled, and outside the jury's presence, appellee made a motion pursuant to Texas Rule of Civil Procedure 215(5) complaining of Schmitt's failure to respond to discovery. Appellee objected to Schmitt's offer of any oral testimony or documentary evidence at trial because appellee had sought to discover all such relevant evidence through the use of interrogatories and request for production of documents. Schmitt's attorney, Joseph Bellino, admitted that the discovery requests had been served upon appellant Schmitt and that neither he nor Schmitt had responded to them.

The trial court immediately conducted a hearing to determine if good cause existed for allowing the introduction of Schmitt's evidence despite his failure to comply with appellee's discovery requests. Schmitt's attorney, Bellino, told the trial court that he had inadvertently failed to respond to the discovery requests. He further argued that Schmitt should be allowed to testify because Schmitt was a party to the lawsuit and had been deposed. Bellino asserted that all of the discoverable information requested had been conveyed to appellee, even though it had not been conveyed in the form of responses to appellee's discovery requests.

The trial court made a finding that no good cause existed to support the admission of plaintiff's evidence. Accordingly, the trial court excluded the admission of any evidence by plaintiff Schmitt, and discharged the jury because "no fact issue could exist." In response to Bellino's objection that reasonable notice of the good cause hearing had not been given and request for additional time to research the discovery sanctions issues, the trial court scheduled a continuation of the hearing for November 19, 1990, at which time the trial court would consider the imposition of additional sanctions.

On November 16, 1990, attorney Bellino filed a Chapter 11 bankruptcy on behalf of his client, Roland Schmitt. The trial court could not proceed with the scheduled November 19, 1990, hearing because of the resulting automatic stay which was lifted February 1, 1991. On February 14, 1991, the trial court entered an order prohibiting Schmitt from offering or presenting testimony or records in the probate lawsuit, and

rescheduling the discovery sanctions hearing for March 4, 1991.

On March 4, 1991, attorney Bellino filed a removal action on behalf of his client, Roland Schmitt. The federal court remanded the case to the County Court at Law No. 3 on April 17, 1991. The trial court then rescheduled the discovery sanctions hearing for May 24, 1991.

On May 23, 1991, attorney Bellino filed a Chapter 7 bankruptcy on behalf of his client, Roland Schmitt. The automatic stay was lifted on July 19, 1991. The trial court then rescheduled the discovery sanctions hearing for August 16, 1991, approximately ten months after the originally-scheduled date.

On August 16, 1991, Roland Schmitt appeared at the hearing with new counsel and requested the withdrawal of Bellino as his attorney. The trial court allowed Bellino to withdraw. The same day, Schmitt's new counsel filed a motion for nonsuit in County Court at Law No. 3 and filed a new lawsuit in the 158th District Court of Denton County.

Following the final hearing on August 16, 1991, the trial court entered a default judgment on September 30, 1991, which is the subject of this appeal. As reflected by that judgment, the trial court found that Schmitt and Bellino had violated rules 13 and 215 by filing the bankruptcy and federal court cases. The trial court found that Schmitt and Bellino had acted "in conscious disregard of the rules of the discovery process" and "in bad faith in willfully and intentionally setting out to delay, harass, and hinder this Court in its efforts to impose the sanctions which [it had] first considered on November 19, 1990." The trial court, by such judgment, ordered that Schmitt's pleadings be stricken, that Schmitt's causes of action be dismissed with prejudice, and denied Schmitt's motion for nonsuit. The portion of the judgment denying Schmitt's motion for nonsuit is not attacked by appellants on appeal. The trial court also ordered Bellino to pay $15,000 for appellee's attorneys fees.

Appellants' first point of error complains that the trial court abused its discretion in sua sponte discharging the jury, and in prohibiting Schmitt, a party, from offering oral testimony and documentary evidence.

▮ After the November 13, 1990, hearing, the trial court entered an order on February 14, 1991, assessing discovery sanctions pursuant to Texas Rule of Civil Procedure 215(5) which provides:

**Failure to Respond to or Supplement Discovery.** A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

Tex.R.Civ.P. 215(5). The sanction for failing to comply with the rule is automatic exclusion of the unidentified witness's testimony or documentary evidence. *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669, 671 (Tex.1990); *First Interstate Bank v. Bland,* 810 S.W.2d 277, 288 (Tex.App.—Fort Worth 1991, no writ). A "good cause" exception to the rule exists. If the party offering the evidence can establish good cause before the trial court for allowing the evidence, the evidence will not be automatically excluded. *Booth v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989).

▮ The determination of good cause is within the sound discretion of the trial court. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989). To determine if there has been an abuse of discretion, we must look to see if the trial court acted without reference to any guiding principles and rules. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In other words, the test is whether the trial court's action was

so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

Appellants first assert that appellee's objections based upon rule 215(5) were not timely because reasonable notice of the discovery abuse hearing was not given. A party must be given reasonable notice of a hearing on a motion for sanctions. *Allied Chemical Co. v. DeHaven*, 824 S.W.2d 257, 262 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Hogan v. Beckel*, 783 S.W.2d 307, 308 (Tex.App.—San Antonio 1989, writ denied). It is an abuse of discretion for the trial court to impose sanctions when the defaulting party has inadequate notice or no notice of the sanctions hearing. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990). "Reasonable notice," however, is dictated by the circumstances of each case. *Allied Chemical Co.*, 824 S.W.2d at 262; *Hogan*, 783 S.W.2d at 308.

In the case before us, the trial court heard appellee's oral motion for sanctions when it first came to his attention, even though that was on the first day of the trial. Both parties had announced ready, the jury had been selected, and opening statements had been made. After ascertaining that the next action to be taken in the trial would be appellant calling his first witness, appellee informed the trial court that she would object to each of Schmitt's witnesses because none of them had been disclosed in response to her discovery requests. No motions for sanctions or motions to compel had previously been filed. Since appellee was objecting to all of Schmitt's witnesses, the timing of the objection was analogous to objecting to the testimony of each witness individually when the witness was called to testify.

Only a partial statement of facts was brought forward on appeal. From that partial statement of facts, it is apparent that the trial court had twice before delayed the trial to permit Schmitt to amend his pleadings. The trial court stated that he was going forward with the hearing on appellee's motion for sanctions in the interest of judicial economy. Moreover, the trial court rescheduled the conclusion of the hearing six days later to accommodate Schmitt's request for additional time in which to research the discovery sanctions issue. In the absence of a complete statement of facts, we presume that the trial judge's finding that reasonable notice had been given was supported by evidence in the record. *See Ex parte Savelle*, 398 S.W.2d 918, 921 (Tex.1966). Under these circumstances, appellee's motion for sanctions was timely and Schmitt was afforded reasonable notice of the discovery sanctions hearing.

Appellant next argues that the trial court abused its discretion in dismissing the jury because such sanction is not expressly authorized by Texas Rule of Civil Procedure 215. The trial court is not limited to the laundry list of specifically authorized sanctions listed under rule 215(3). *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913, 921 n. 3 (Tex.1991); *Braden v. South Main Bank*, 837 S.W.2d 733, 739–40 (Tex.App.—Houston [14th Dist.] 1992, writ requested). The choice of the sanction to be imposed is left in the sound discretion of the trial court, and the only pertinent inquiry is whether the sanction imposed is just. *TransAmerican*, 811 S.W.2d at 917. The justness of sanctions is measured under two standards. First, there must be a direct relationship between the offensive conduct and the sanction imposed. Second, the sanction must not be excessive. *Id.* The exclusion of Schmitt's undisclosed witnesses was directly related to the offensive conduct of failing to respond to the discovery requests. Having found that no good cause existed for the admission of Schmitt's evidence, the exclusion of the proffered evidence was mandatory. TEX.R.CIV.P. 215(5). Appellants concede in their brief to this court that the exclusion of the evidence to be offered by Schmitt "deprived Schmitt of the ability to prove his claims." Therefore, it logically follows that since the trial court had excluded all of Schmitt's trial evidence, it was just under the circumstances for the jury to be dismissed.

■ Lastly, appellants argue that the trial court abused its discretion in excluding the testimony of the plaintiff, Roland Schmitt, because appellants assert that parties are exempt from rule 215(5)'s automatic exclusion requirement. The Texas Supreme Court has held that a party must be named in response to an appropriate interrogatory unless there is a showing of good cause. *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160, 162 (Tex.1992); *Smith v. Southwest Feed Yards*, 835 S.W.2d 89, 90 (Tex.1992). This court has held that an undisclosed party is not per se removed from the mandatory exclusion provisions of rule 215(5). *Brekalo v. Ballard*, 836 S.W.2d 783, 785 (Tex.App.—Fort Worth 1992, no writ). Good cause may exist to allow the testimony of a party witness "when identity is certain and when his or her personal knowledge of relevant facts has been communicated to all other parties, through pleadings by name and response to other discovery at least thirty (30) days in advance of trial." *Henry S. Miller Co.*, 836 S.W.2d at 162. At the November 13th hearing, Schmitt's attorney claimed that good cause existed to admit Schmitt's testimony because Schmitt had been deposed. However, the fact that a witness has been deposed does not in itself constitute good cause. *Id.* Without the entire statement of facts before us, we must presume that the record supports the trial judge's finding that no good cause existed for the admission of Schmitt's testimony. Appellants' first point of error is overruled.

Appellants' second point of error complains of the sanctions of striking Schmitt's pleadings, the dismissal of all of Schmitt's claims with prejudice, and the entry of a default judgment in favor of appellee. These types of sanctions are referred to as "death penalty" sanctions. *Welex v. Broom*, 823 S.W.2d 704, 705 (Tex.App.—San Antonio 1992, writ denied). Point of error two also complains of the sanction in which Schmitt's attorney, Bellino, was ordered to pay $15,000 to reimburse appellee for attorneys fees. Appellants assert that the trial court abused its discretion because they allege that these sanctions were not based upon a violation of either rule 13 or rule 215(2)(b)(2) or (3). We disagree. In its final default judgment, the trial court expressly found that appellants had violated both rules 13 and 215.

■ A trial court may impose sanctions on any party that abuses the discovery process. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). Tex.R.Civ.P. 215. The legitimate purposes of discovery sanctions are to secure compliance with discovery rules, to deter other litigants from similar misconduct, and to punish violators. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992); *Bodnow*, 721 S.W.2d at 840. We construe the hearing to determine whether discovery abuse occurred and to assess sanctions for discovery abuse as part of the discovery process. To hold otherwise would be to deprive the trial court of its ability to exercise the authority granted in Texas Rule of Civil Procedure 215 to impose sanctions for discovery abuse.

■ The trial court may consider the entire record of the case in assessing sanctions. *Downer*, 701 S.W.2d at 241; *Hartford Acc. & Indem. Co. v. Abascal*, 831 S.W.2d 559, 561 (Tex.App.—San Antonio 1992, no writ). Thus, the trial court is not limited to considering only the specific violation committed, but is entitled to consider other matters which have occurred during the litigation. *Id.; U.S. Fidelity and Guar. Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied). Furthermore, the trial court may consider action taken in another court when that action is relevant to the case pending before the trial court. *See Braden*, 837 S.W.2d at 737.

■ The August 16, 1991, hearing was a continuation of the hearing held on November 13, 1990. Having found no good cause for the admission of Schmitt's trial evidence, the trial court had imposed the mandatory automatic exclusion sanction set forth in rule 215(5) on November 13, 1990. In deference to Schmitt's attorney's request for additional time to research the discovery abuse issue, the trial court agreed to continue the hearing six days and

scheduled the conclusion of the hearing for November 19, 1990. The hearing did not resume, however, until August 16, 1991. Under the circumstances of this case, it was proper for the trial court to consider the filing of two bankruptcy actions and an attempted removal. to federal court which delayed the conclusion of the hearing on discovery abuse sanctions.

The trial court did not abuse its discretion in assessing monetary and "death penalty" sanctions. Considering appellants' "flagrant bad faith and callous disregard for the responsibilities of discovery under the rules," the assessment of harsh death penalty and monetary sanctions ordered by the trial court was just. Under these facts, the trial court did not abuse its discretion because its action was neither arbitrary nor unreasonable. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.