

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00080-CV

Rosanna **BARRERA**, Sage Barrera, and Jenesey Barrera,
Appellants

v.

Dean T. **CHERER** and Chererco, LLC,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 19-1394-CV-A
Honorable Jessica Crawford, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:     Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice (concurring in the judgment only)
Lori I. Valenzuela, Justice

Delivered and Filed: May 19, 2021

REVERSED AND REMANDED

This is an appeal from a trial court's order granting summary judgment in favor of appellees

Dean Cherer and Chererco, LLC (collectively, "Chererco"). Appellants Rosanna, Sage, and

Jenesey Barrera (collectively, "the Barreras") argue the trial court erred by granting Chererco's

motion for summary judgment and by dismissing their petition for bill of review. We reverse the

trial court's judgment and remand this matter for further action consistent with this opinion.

## BACKGROUND[1]

In January 2001, Esequiel Kelly Barrera purchased a tract of land in Guadalupe County, Texas. At the time, Esequiel was married; however, his wife's name did not appear on the deed. In May 2009, the San Marcos Consolidated Independent School District sued Esequiel to recover delinquent ad valorem taxes. The County of Guadalupe intervened in the lawsuit alleging it also was owed delinquent taxes. In June 2010, the trial court signed a judgment against Esequiel and authorized the sale of the tract of land. Pursuant to the judgment, the sheriff sold the tract to the School District. In December 2012, the School District sold the tract to Chererco, LLC.

In June 2014, Sage and Jenesey Barrera, Esequiel's stepchildren, filed suit against Chererco, LLC to set aside the sale, and Chererco, LLC filed a third-party petition against Rosanna Barrera, another stepchild, alleging a trespass to try title claim.[2] Chererco, LLC filed a traditional and no-evidence motion for summary judgment asserting numerous grounds, which the trial court granted. In March 2016, the trial court signed a final judgment and Rosanna and Jenesey appealed. This court affirmed the trial court's judgment. *Barrera*, 2017 WL 943436, at *1.

On June 13, 2019, Rosanna filed a petition for bill of review, seeking review of the same judgment that was the subject of her prior appeal. Rosanna also filed a trespass and conversion claim against Dean Cherer. Sage and Jenesey intervened, alleging they had a justiciable interest in the lawsuit with identical claims as Rosanna and asserting a Texas Debt Collection Act claim against Dean Cherer. Chererco moved for a traditional summary judgment against the Barreras' bill of review.[3] After a hearing, the trial court granted Chererco's motion for summary judgment

---

[1] The following is a brief summation of the underlying facts and the procedural history of the case. For a more thorough recitation of the underlying facts, *see Barrera v. Chererco, LLC*, No. 04-16-00235-CV, 2017 WL 943436, at *1 (Tex. App.—San Antonio Mar. 8, 2017, no pet.) (mem. op.).

[2] The mother of Sage, Jenesey, and Rosanna Barrera passed away in 2012.

[3] Although Chererco's motion did not expressly state whether it sought traditional or no-evidence summary judgment, Chererco refers to it on appeal as a motion for traditional summary judgment and cites Texas Rule of Civil Procedure 166a(c), which applies to traditional motions for summary judgment. *See* TEX. R. CIV. P. 166a(c). The record shows

and issued a final judgment denying the Barreras' bill of review and all claims. The Barreras now appeal that judgment.

## STANDARD OF REVIEW

We review the grant of summary judgment de novo. *Henkel v. Norman*, 441 S.W.3d 249, 250 (Tex. 2014) (per curiam). To succeed on a traditional summary judgment motion, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *see* TEX. R. CIV. P. 166a(c). "When a movant meets that burden of establishing each element of the claim or defense on which it seeks summary judgment, the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). In deciding which party should prevail in this situation, "[w]e examine the record in the light most favorable to the nonmovant, indulge every reasonable inference against the motion and likewise resolve any doubts against it." *Henkel*, 441 S.W.3d at 250; *see also Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015).

## DISCUSSION

### I.     Bill of Review

In the Barreras' first issue, they contend the trial court erred in granting Chererco's motion for summary judgment and denying their bill of review. A bill of review may be brought by a

---

that Chererco's motion did not strictly comply with Texas Rule of Civil Procedure 166a(i), which applies to no-evidence summary judgment motions, and did not notify the Barreras that Chererco sought summary judgment on no-evidence grounds. *See* TEX. R. CIV. P. 166a(i); *Adams v. Reynolds Tile and Flooring, Inc.*, 120 S.W.3d 417, 420 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (presuming a motion sought a traditional summary judgment because the nonmovant received no notice that the movant sought a no-evidence summary judgment). Therefore, we interpret Chererco's motion as a traditional motion for summary judgment. *See Hamlett v. Holcomb*, 69 S.W.3d 816, 819 (Tex. App.—Corpus Christi 2002, no pet.) ("When it is not readily apparent to the trial court that summary judgment is sought under rule 166a(i), the appellate court will presume that the motion is filed under the traditional summary judgment rule and analyze it accordingly.").

party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012); *Mungia v. Via Metro. Transit*, 441 S.W.3d 542, 547 (Tex. App.—San Antonio 2014, pet. denied). A party seeking a bill of review who has participated in the trial court proceedings must plead and prove that (1) a meritorious ground of appeal exists; (2) which the party was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake; (3) unmixed with the fault or negligence of the petitioner. *See Cannon v. TJ Burdett & Sons Recycling*, No. 01-08-00380-CV, 2009 WL 276797, at *4 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.); *Ramsey v. State*, 249 S.W.3d 568, 573–74 (Tex. App.—Waco 2008, no pet.) (providing the bill of review elements that must be proven when the plaintiff fully participated in the underlying suit). A defendant moving for summary judgment on a bill of review must disprove at least one essential element of the plaintiff's bill of review or plead and conclusively establish each essential element of an affirmative defense. *See Wuxi Taihu Tractor Co. v. York Grp., Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *4 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied) (mem. op.).

We hold that Chererco did not conclusively establish it is entitled to judgment as a matter of law because it failed to disprove at least one essential element for the Barreras' bill of review or plead and conclusively establish the essential elements of an affirmative defense. *See id.*; *Gonzalez v. Mann*, 584 S.W.2d 928, 931 (Tex. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) ("Defendants did not disprove any of plaintiffs' necessary bill of review requirements as a matter of law and therefore the judgment must be reversed and remanded."); *cf. Martin v. Dosohs I, Ltd.*, No. 04-98-00829-CV, 1999 WL 102218, at *3 (Tex. App.—San Antonio Feb. 26, 1999, no pet.) (not designated for publication) (holding movant conclusively established that bill of review

petitioner failed to exercise due diligence in availing herself of all legal remedies, thereby negating an essential element the petitioner was required to show to be eligible for a bill of review).

In their bill of review, the Barreras allege facts as to the elements of a bill of review to assert their entitlement to this remedy. *See Ramsey*, 249 S.W.3d at 573–74. Chererco, in its motion for summary judgment, asserts its entitlement to judgment as a matter of law because the Barreras' complaints have already been litigated and a bill of review is not available as an additional remedy. However, participation in the underlying proceeding does not preclude a party from recovering on a bill of review. *See id.* (providing the bill of review elements that must be proven when a plaintiff fully participated in the underlying suit).

Chererco cited no authority in its motion, and it failed to disprove the Barreras' entitlement to any of the bill of review elements. Chererco only relies on the fact that the Barreras have already participated in the underlying proceeding, without providing any support as to why this fact alone entitles it to summary judgment as a matter of law. Therefore, we hold Chererco failed to meet its burden of disproving at least one essential element of the Barreras' bill of review or establishing a valid affirmative defense as a matter of law. *See Wuxi Taihu Tractor Co.*, 2014 WL 6792019 at *4; *Gonzalez*, 584 S.W.2d at 931. Accordingly, the trial court erred in granting Chererco's motion for summary judgment and denying the Barreras' bill of review.

*II.    Remaining Claims*

In their second issue, the Barreras contend the trial court erred in disposing of their other claims when granting summary judgment because Chererco's motion for summary judgment only addressed the Barreras' bill of review. Summary judgments may only be granted upon grounds expressly asserted in the summary judgment motion. *See* TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). A party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding.

*Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983). "Granting a summary judgment on a claim not addressed in the summary judgment therefore is, as a general rule, reversible error." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).

The Barreras asserted a trespass and conversion of personal property claim against Dean Cherer in addition to their bill of review. Intervenors Sage and Jenesey also asserted a Texas Debt Collection Act claim against Dean Cherer. Chererco's summary judgment motion addressed the Barreras' bill of review, but the motion did not address these remaining claims. Nevertheless, the trial court signed a judgment that disposed of all of the Barreras' claims. Because the record shows the Barreras' remaining claims were not addressed in Chererco's summary judgment motion, the trial court erred in disposing of these claims. *See Chessher*, 658 S.W.2d at 564 (holding appellate court's affirmation of judgment disposing of all the plaintiff's claims was improper when the defendant had moved for summary judgment on only one of the plaintiff's claims); *Rio Grande City Consol. Indep. Sch. Dist. v. City of Rio Grande*, No. 04-17-00346-CV, 2018 WL 3129457, at *3 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op.) (reversing a portion of the trial court's judgment disposing of an unconstitutional-taking claim against the city because the claim was not addressed in the plea to the jurisdiction or summary judgment motion).[4]

## CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with our opinion.

Rebeca C. Martinez, Chief Justice

---

[4] According to Chererco, the Barreras cannot show harm from the dismissal of their other claims because these claims are premised on the Barreras' ownership of the real property at issue and require a successful bill of review, which would reopen the property dispute. *Cf. G & H Towing Co.*, 347 S.W.3d at 298 (explaining that a trial court's error in granting summary judgment on a cause of action not expressly presented by written motion is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case). Because we reverse the trial court's judgment as to the bill of review, Chererco's argument is unavailing.