JACKSON H. GRIFFIN v. THOMAS CHUBB AND ANOTHER.

That the plaintiff had no cause of action, was no reason to refuse to give judgment in favor of the defendant, upon the admitted cause of action, set up in his answer in reconvention.

It is immaterial that the note which the defendant pleaded in reconvention against the plaintiff, was not due at the time of instituting suit by the latter; it was overdue when the answer was filed.

Where the indorsee of a promissory note was made a defendant to a suit by the indorser against the maker, to sequestrate certain property which was mortgaged to secure the payment of the note, and the suit was commenced before the note was due, and the indorsee answered at the second Term of the Court, praying judgment against both maker and indorser, for the amount of the note; and the indorser demurred, on the ground that the indorsee had not sued him to the first Term of Court, or &c., this Court said : It is the maker and not the indorser, who is to be sued to the first or second Term of the Court, in order to fix the liability of the latter. Besides, both the holder and maker of the note were brought into Court by the plaintiff before the first Term of the Court. There was no necessity for another suit, when all the parties were before the Court.

Appeal from Galveston. Tried before the Hon. Nelson H. Munger.

Suit commenced July 21st, 1849, by Thomas Chubb. the appellee, alleging a sale of certain property by him to Owen D. Johnson, on the 26th day of April, 1849, for which said Johnson gave him his two promissory notes, one at three and the other at six months, with a deed of trust to secure their payment ; that plaintiff subsequently indorsed the first note, for a valuable consideration, to L. W. Dake, of the County of Galveston, and the other, also for a valuable consideration, to Jackson H. Griffin, of Liberty County ; that although the time for payment of said notes had not elapsed. yet the said

Johnson, fraudulently intending and contriving to injure and defraud the plaintiff, and to defeat the collection of said notes, had fraudulently removed said property from the County of Liberty, with the intention of selling and disposing of the same, to the great injury of the plaintiff, and so as to defeat the collection of the said notes ; allegation that Johnson was insolvent, &c. Prayer that Johnson, Dake, Griffin, and the trustees be cited as defendants, and that a writ of sequestration issue, &c. Sequestration issued ; property replevied ; acknowledgment of service by Griffin, August 10th, 1849.— Other defendants cited or service acknowledged. June 13th, 1850, Griffin filed his answer, which contained the usual averments of a petition in a suit on a promissory note, and prayed that, in so much as the several parties were before the Court, and the note indorsed to him remained unpaid, he have judgment for his debt, against the said Johnson as maker, and the said Chubb as indorser, and such other and further relief, &c.

Johnson filed a general denial of the charges and statements in plaintiff's petition, May 28th, 1851. Chubb demurred to the answer of Griffin, and for special cause, that Griffin did not sue him on said note at the first Term of Court, or at the second Term, &c. ; that no right of action existed, in Griffin, at the institution of the suit ; and that the answer set up a new and independent cause of action against the plaintiff, which did not exist at the commencement of the suit.

A jury was waived, and judgment was rendered, that the plaintiff's suit be dismissed, and that the defendants go hence without day, &c. Griffin appealed. The facts were same as stated.

*L. A. Thompson,* for appellant, cited Cannon v. Hemphill, 7 Tex. R. 184 ; Egery v. Power, 5 Id. 501 ; Walcott v. Hendricks, 6 Id. 466 ; Parrott v. Underwood, 10 Id. 48 ; Carlin v. Hudson, 12 Id. 202.

Griffin v. Chubb.

WHEELER, J. The judgment of the Court is manifestly erroneous. That the plaintiff had no cause of action, was no reason to refuse to give judgment in favor of the defendant Griffin, upon the admitted cause of action, set up in his answer in reconvention. His right to a recovery against the plaintiff, was fully made out and admitted, by the plaintiff's own averments. He was brought into Court by the plaintiff, and invited to litigate his rights in that action. The necessity of his instituting a distinct suit was thereby dispensed with. It is immaterial that the note which he held against the plaintiff, was not due at the time of instituting suit by the latter. It was overdue when he answered to the action. Having been brought into Court by the plaintiff, upon that identical cause of action, it cannot be questioned, that he had the right to have judgment upon it, against the plaintiff upon his own admissions.

It was objected to his right to have judgment against the plaintiff, as indorser, that he had not brought suit against him to the first or second Term of the Court after the maturity of the note. The statute does not require that suit be brought against the indorser to the first or second Term of the Court. It requires the use of due diligence to collect the note of the maker, not of the indorser : it is the maker, and not the indorser who is to be sued to the first or second Term of the Court, in order to fix the liability of the latter. (Hart. Dig. Art. 2520, 2528.) Besides, both the holder and maker of the note were brought into Court by the plaintiff before the first Term of the Court. Of course, it was competent for the holder to assert his right of action against both maker and indorser in that suit. There was no necessity of another suit, for that purpose, when all the parties in interest were then before the Court.

Because the Court erred in not giving judgment for the defendant Griffin, in accordance with the prayer of his answer, and the pleadings and evidence in the case, the judgment is

reversed ; and such judgment will be here rendered as the Court below ought to have rendered.

Reversed and reformed.