Carl L. MURPHY, Appellant,

v.

Charles STIGALL, Appellee.

No. 13883.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 20, 1961.

Rehearing Denied Jan. 17, 1962.

Talbert, Giesel, Cutherell & Barnett, Houston, for appellant.

House, Mercer, House & Brock, San Antonio, for appellee.

POPE, Justice.

This is an appeal from an order of dismissal for non-prosecution of plaintiffs' action, and a judgment on defendant's cross-action. Plaintiffs, Carl L. Murphy and Glen Moore, sued Charles Stigall for damages arising out of an automobile collision. Defendant Stigall answered and cross-acted for damages to his vehicle. The parties appeared in court for trial on the action and cross-action on March 8, 1961. The court was then in the trial of another cause, and plaintiffs asked that this case be re-set for March 27, 1961. Late in the afternoon of Saturday, March 25, plaintiffs' attorney, in Houston, called defendant's attorney, in San Antonio, and stated that he had conflicting settings for Monday and asked him to agree to a postponement. Defendant's attorney would not agree to a postponement, but stated he would not oppose plaintiffs' request for one, provided plaintiffs obtained the approval of the trial judge. Plaintiffs' counsel then called the home of the District Judge in Halletsville. He was unable to reach him, but left a message with a lady who answered the phone. On the date set for trial, defendant's local counsel appeared in court in Seguin, and the trial judge stated that he had not approved any postponement. Plaintiffs were not present, but defendant and his local counsel were. Defendant then proved his cross-action against Carl L. Murphy. The trial court.

dismissed plaintiffs' action with prejudice, and granted defendant a judgment for $400.00 against Carl L. Murphy but denied recovery against Glen Moore. Plaintiffs timely filed a motion for new trial and, after hearing, it was overruled.

■ Dismissal is the proper order when one fails to prosecute his claim with reasonable diligence. First Nat. Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085. The power to dismiss does not empower the court to adjudicate and deny the dismissed claim. Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891. A court does, however, possess the power to proceed upon defendant's cross-action and award relief. It can do this though the resulting judgment may bar the subsequent assertion of the claim which was dismissed for non-prosecution. Barrier v. Lowery, 118 Tex. 227, 11 S.W.2d 298, 13 S.W.2d 688; Griffin v. Chubb, 16 Tex. 219; 4 McDonald, Texas Civil Practice, §§ 17, 18. From all of this, we conclude that the court had the power to dismiss plaintiffs' action, but not to do so "with prejudice." It had the power, however, to grant defendant's prayer for relief against Murphy and deny it as to Moore.

■ Whether the court abused its discretion in dismissing plaintiffs' action must still be determined. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85. Under the facts of this case, we can not say that there was an abuse of discretion. The case was set on the date selected by plaintiffs. The judgment of dismissal finds as a fact that when the case was reset, plaintiffs were notified that the new setting would be adhered to and the case then tried. It was set at a time when plaintiffs' attorney knew he had a conflicting setting. For two weeks he knew this, but waited until late on Saturday before the case was to be called on Monday, before taking steps to eliminate the conflict in settings. The trial judge, no doubt, already had arranged his docket for Monday. Plaintiffs' attorney was under a duty to obtain the approval of the judge, which he did not obtain. He filed no motion for continuance, and it seems that other members of his firm could either have appeared or attended to the filing of appropriate motions for postponement or continuance. Rules 247, 251, 253, 330(c), Texas Rules of Civil Procedure.

The judgment is corrected by the deletion of the words "with prejudice" in the order of dismissal of plaintiffs' action, and as corrected is affirmed.