R. Wayne MANN et al., Petitioners,

v.

Salvador GONZALEZ et al., Defendants.

No. B–8656.

Supreme Court of Texas.

Dec. 19, 1979.

William H. White, Houston, for petitioners.

Pat Maloney, San Antonio, H. Wayne Gillies, Houston, for defendants.

ON MOTION FOR REHEARING ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Salvador and Pedro Gonzalez filed suit in Zavala County against R. Wayne Mann, Lonnell McVey Mann and J. C. Baughman, for their alleged breach of a contract to sell real estate. The cause was transferred to the 129th District Court of Harris County on plea of privilege and that court, on April 28, 1975, dismissed plaintiffs' suit with prejudice because of their failure to comply with the court's order that they make answers to interrogatories. That judgment became final upon plaintiffs' failure to perfect an appeal. On July 10, 1975, the same plaintiffs filed this action in the 152nd District Court against the same defendants and asserted the same cause of action as the one which had been dismissed with prejudice by the 129th District Court. This action was not filed as a suit for bill of review.

On April 19, 1977, the defendants filed their motion for summary judgment, asserting the prior final judgment by the 129th District Court. On January 9, 1978, the judge of the 152nd District Court sustained the motion for summary judgment and dismissed this action as a collateral attack upon the prior judgment of a court of coordinate jurisdiction. The court of civil appeals has erroneously reversed that judgment. 583 S.W.2d 637.

The only way the final judgment of the 129th District Court may be attacked after the time for appeal had passed is by way of a bill of review. The judge of the 152nd District Court correctly dismissed plaintiff's action in this case, even though the trial judge of the 129th District Court may have erred in dismissing the original suit with prejudice. Errors are corrected by appeal, and a judgment that has become final may be attacked only by way of bill of review.

The judgment of the court of civil appeals conflicts with our rules of procedure as well as our decisions. Rule 329b, Tex.R. Civ.P., *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979); *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950).

We withdraw our former opinion handed down on October 31, 1979, and substitute this one in its place which reaches the same result, i. e., we grant the writ of error and, without hearing oral argument, the judgment of the court of civil appeals is re-

versed and the judgment of the trial court is affirmed. Rule 483, Tex.R.Civ.P.

The motion for rehearing is overruled.