MOUNTAIN STATES LEASING, INC., and Neil Bresnahan, Appellants,

v.

EL PASO PIPE AND SUPPLY COMPANY et al., Appellees.

No. 7047.

Court of Civil Appeals of Texas, El Paso.

Jan. 21, 1981.

Rehearing Denied Feb. 25, 1981.

Michael T. Milligan, El Paso, for appellants.

Lea & Price, Joe Lea, Jr., Austin, for appellees.

## OPINION

OSBORN, Justice.

This case presents the single issue as to whether a collateral attack can be made upon a prior judgment which dismissed a case for want of prosecution "with prejudice." We have concluded that such an attack can be made, and the judgment of the trial Court must be reversed.

In April 1977, Mountain States Leasing, Inc., filed suit against the seven Defendants seeking to recover damages. On February 8, 1979, the Court entered an Order of Dismissal which recited that the "Plaintiff did not appear in person or through attorney despite notification of the time and date of the hearing." The order decreed that the cause "be dismissed for want of prosecution, with prejudice, * * *." No appeal was taken from that order.

On January 25, 1980, Mountain States Leasing, Inc., and Neil Bresnahan filed suit against the same seven Defendants. All but two answered and filed a motion for summary judgment asserting the doctrine or res judicata as a result of the 1979 Order of Dismissal. Certified copies of the pleading in the original suit and the Order of Dismissal were filed in support of the motion. We assume Plaintiffs abandoned the suit as to the two Defendants that did not answer. In May, 1980, the Court granted the motion for summary judgment and entered a take nothing judgment. The Plaintiffs have perfected an appeal from that judgment.

The one Point of Error asserts the trial Court erred in determining that the former dismissal for want of prosecution was a bar

to the subsequent suit. No complaint is made about the fact that Neil Bresnahan was not a party to the first suit.

■ There can be no question about the principle that a dismissal for want of prosecution is not one in which the merits of the case are determined, and it should not be "with prejudice." *Rizk v. Mayad*, 603 S.W.2d 773 (Tex.1980); *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959); *Smock v. Fischel*, 146 Tex. 397, 207 S.W.2d 891 (1948).

The Appellants rely upon the holdings in *Murphy v. Stigall*, 352 S.W.2d 918 (Tex.Civ. App.—San Antonio 1961, writ ref'd), and *Gracey v. West*, 422 S.W.2d 913 (Tex.1968), to support their position. The *Murphy* case was a direct appeal from an order of dismissal with prejudice as to the plaintiff's claim when the plaintiff did not appear for trial. The appellate court concluded that the power to dismiss does not empower the court to adjudicate and deny the dismissed claim. It held that the trial court had the power to dismiss plaintiff's action, but not to do so "with prejudice."

In *Gracey v. West*, supra, an order of dismissal for want of prosecution was appealed by a bill of review nearly two years after the order was entered. This dismissal was not "with prejudice." The Court noted that the dismissal for want of prosecution was not a judgment on the merits of the case and would not be a bar to another suit on the same cause of action. The Court held that the judgment of dismissal, even though erroneous because no suggestion of death had been filed as required by Rule 151, Tex.R.Civ.P., was not beyond the power of the court to enter, and more than six months having elapsed, it could only be attacked by a bill of review.

In that opinion, the Court notes its decision in *Freeman v. Freeman*, supra. That case appears to control the case at bar. In the *Freeman* case, which involved an appeal to the district court of an order admitting a will to probate, a default judgment was

entered sustaining the contest and setting aside the order admitting the will to probate. The net effect of such ruling, as in our present case, was to decide the merits of the case by default and without evidence to support a decision on the merits of the case. The Court, in an opinion by Justice Calvert, concluded that the default judgment was void because there had been no compliance with the rule for setting cases for hearing, Rule 330(b), Tex.R.Civ.P., and further, because there had been no proof offered upon which the case could be decided on the merits. The opinion in that case says:

> Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority.

Although Rule 330(b) has been repealed, and the issue of notice has not been raised in our case,[1] Art. I, sec. 19 of the Constitution of the State of Texas does provide that no citizen shall be deprived of property except by the due course of the laws of the land. Certainly, the law of the land requires a court to hear evidence before deciding the merits of a case. The Court reached the conclusion in the *Freeman* case that the judgment was "wholly void." See: *Gracey v. West*, supra, at 917, and *Parr v. Chittim*, 231 S.W. 1079 (Tex.Com.App.1921, jdgmt. adopted); G. Hodges, *Collateral Attacks on Judgments*, 41 Texas L.Rev. 499 at 517 (1963). Having reached that conclusion, the Court set the judgment aside even though the pleadings in the trial court did not meet the requirements of an equitable bill of review.

A similar result was reached in *McDade v. Sams*, 545 S.W.2d 205 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ), even though it was contended that the requirements of a bill of review had not been met. The Court said: "These contentions do not have merit since the default judgment was void." Thus, it appears that a motion filed

1. In this case, the Appellants cannot raise the issue of notice because the recital in the judgment is conclusive in this collateral attack upon

that order. G. Hodges, *Collateral Attacks on Judgments*, 41 Texas L.Rev. 163 at 164 (1962).

in the same court seeking to have the February, 1979 order set aside should be granted because that order is "wholly void" and, being void, it may not serve as a basis for the summary judgment entered in this case, regardless of whether it is set aside or not.

The Appellee relies upon the holding in *Mann v. Gonzalez*, 595 S.W.2d 102 (Tex. 1979), and contends that until the February, 1979 order is set aside in a direct appeal, i. e., an appeal, writ of error or bill of review, it is binding in this collateral attack. In that case, the plaintiffs' suit was dismissed with prejudice because of their failure to comply with the court's order on discovery. That is one of the sanctions authorized for refusal to comply with discovery orders. Rule 170, Tex.R.Civ.P. Thus, in that case, the order of dismissal with prejudice was one authorized to be entered and within the power of the court to enter. The *Mann* case is not controlling.

In *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961), the Court made it clear that the exclusive remedy of a bill of review and its requirement of showing a lack of fault or negligence on the defaulting party is applicable "in a case in which the court had jurisdictional power to render it." As Justice Pope noted in *Murphy v. Stigall*, supra, "The power to dismiss does not empower the court to adjudicate and deny the dismissed claim." Therefore, we conclude that since the trial Court was without power to deny the claim by dismissing with prejudice, a bill of review is not required to set the judgment aside and it being "wholly void," it cannot serve as a basis for the summary judgment entered in this case.

The judgment of the trial Court is reversed and the case remanded to that Court.

### OPINION ON MOTION FOR REHEARING

The Appellees have filed a motion for rehearing in which they assert that the order of dismissal with prejudice is not wholly void but, at most, erroneous and not subject to a collateral attack. They note, and we recognize, that both the *Freeman* and *McDade* cases, upon which our original opinion relies, are cases involving direct appeals and not collateral attacks. But, in both of those cases, the Courts reached the results noted in our original opinion after stating that the pleadings were not adequate to constitute a direct attack by a bill of review.

We feel compelled to follow the decision in *Murphy v. Stigall*, supra, since that case is a "writ refused" decision.[1] If, as Justice Pope said, the trial court was not empowered to adjudicate and deny the claim, then the dismissal with prejudice is a wholly void order because the trial Court was without jurisdictional power to enter it. The motion for rehearing is denied.

---

1. In passing, we note that had the opinion in *Murphy v. Stigall*, supra, followed the earlier holdings in *Smock v. Fischel*, supra, and the cases of *Burger v. Young*, 78 Tex. 656, 15 S.W. 107 (1890); *Ware v. Jones*, 242 S.W. 1022 (Tex. Com.App., 1922); *Federal Royalties Co. v. McKnight*, 77 S.W.2d 542 (Tex.Civ.App.—El Paso 1934, writ ref'd), cited therein, all of which were direct attack cases, it would only have been necessary to hold that the order of dismissal was erroneous. And being a direct appeal, the Court would have reversed and remanded. But, the opinion went even further and held the Trial Court was not empowered to enter the order. Thus, it seems there might be some question as to whether the opinion in *Stigall* dealt with a question of law not necessary to a decision of the case. If so, it would not qualify for the "writ refused" which it received. *See: Myers v. Martinez*, 160 Tex. 102, 326 S.W.2d 171 (1959); Franki, No. 3, Vernon's Annotated Texas Rules p. 411 (1955); Wilson, *Hints on Precedent Evaluation*, 24 Tex.B.J. 1037 at 1089 (1961).