**EL PASO PIPE AND SUPPLY COMPANY et al., Petitioners,**

v.

**MOUNTAIN STATES LEASING, INC. et al., Respondents.**

**No. C–246.**

Supreme Court of Texas.

June 17, 1981.

Lea and Price, Joe Lea, Jr., Austin, for petitioners.

Michael T. Milligan, El Paso, for respondents.

PER CURIAM.

Mountain States Leasing, Inc. sued El Paso Pipe and Supply Company, but the trial court on February 7, 1979, dismissed the action for want of prosecution. The court erroneously dismissed the action with prejudice. Mountain States did not file a motion for new trial, did not perfect an appeal, and filed no bill of review; so the judgment became final. On January 26, 1980, Mountain States filed a new suit which alleged the identical action that had been dismissed with prejudice. The trial court sustained a summary judgment to the second action by reason of the prior final judgment, but the court of civil appeals has reversed that judgment. 612 S.W.2d 633.

The judgment of the court of civil appeals conflicts with Rule 329b, Tex.R.Civ. Pro.; *Mann v. Gonzalez*, 595 S.W.2d 102 (Tex.1979), and the cases cited in *Mann*. The court of civil appeals relies upon several cases, but they do not control the decision in this case. *Murphy v. Stigall*, 352 S.W.2d 918 (Tex.Civ.App.—San Antonio 1961, writ ref'd), was a case of a direct appeal from the dismissal order. *Gracey v. West*, 422 S.W.2d 913 (Tex.1968), was a bill of review attack upon the original dismissal order. *McDade v. Sams*, 545 S.W.2d 205 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ), was not appealed to this court, and we disapprove that opinion. The court also relied upon *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959), but the force of that case was largely eliminated by this court's later decision in *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). In *McEwen* the court explained that in *Freeman v. Freeman*, there was no point or contention that Rule 329b[1] provided the exclusive remedy to attack a judgment which has become final. That rule controls this case, as we held in *Mann v. Gonzalez, supra*. Mountain States' remedy in the face of the original judgment which dismissed the action with prejudice was by appeal or bill of review.

We grant the writ of error, and without hearing oral argument, order the judgment of the court of civil appeals reversed. The judgment of the trial court is affirmed. Tex.R.Civ.Pro. 483.

---

1. Tex.R.Civ.Pro. 329b (1978):

    5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, *the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law....* [Emphasis added.]
Tex.R.Civ.Pro. 329b (1981):

    (f) On expiration of the time within which the trial court has plenary power, *a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law*; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rules 316 and 317, and may also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired. [Emphasis added.]