NUMBER 13-06-640-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


PRUDENCIO CORDOVA, Appellant,


v.
 


W. HODGE, R. McKINNEY, 

O. MURRAY, AND D. APPLE, Appellees.

 

On appeal from the 156th District Court 


of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides 


Memorandum Opinion by Justice Rodriguez



 Appellant, Prudencio Cordova, a prison inmate, appeals pro se and in forma
pauperis from an order dismissing his suit against W. Hodge, R. McKinney, O. Murray, and
D. Apple with prejudice. By three issues, Cordova contends that the trial court erred in
dismissing his claim for failing to serve the defendants. Finding no abuse of discretion, we
affirm the dismissal.

I. Background

 On July 1, 2003, Cordova filed a lawsuit against appellees and K. Martin alleging
negligence, gross negligence, and breach of contract claims related to "medical eye
treatment" he received as an inmate at the Texas Department of Criminal Justice,
Institutional Division (TDCJ). See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014
(Vernon 2002). The style of the lawsuit contained the names of the defendants. Cordova
identified the defendants as follows: (1) McKinney and Apple, employees of the University
of Texas Medical Branch who may be served through the Secretary of State in Austin; (2)
Martin and Murray, presumably employees of the McConnell Unit Medical Department at
the TDCJ who may be served through the Unit; and (3) Hodge, presumably an employee
of the TDCJ who may be served through the Secretary of State. Cordova provided the
addresses for the Unit and for the Secretary of State. Although Martin was served, the
remaining defendants were not.

 On November 28, 2003, Martin filed a motion to dismiss and sever. Almost two
years later, on November 4, 2005, the trial court granted Martin's motion and severed the
case from that of appellees, the parties who had not yet been served. On that same day,
November 4, 2005, the trial court ordered Cordova to secure proper service of process on
the remaining defendants (appellees) within 60 days of the date of the order, or his case
would be subject to dismissal for want of prosecution.

 On January 24, 2006, Cordova mailed his first amended petition to the district court. 
It was file-stamped on or about February 13, 2006. Attached to his petition were his "newly
litigated grievances," step one filed November 23, 2005, and step 2 on December 27,
2005. Regarding service of process, Cordova set out the following:

 Under law, this Plaintiff has complied with Texas and federal law
requiring "Service of Process."


 This Honorable Court, District Clerk, has served the Honorable Gwyn
Shea, Secretary of State.


 The Citation Unit, has failed to serve its agents/employees as required
by law.


 Plaintiff also filed a writ of mandamus with this Court to order the
Secretary of State to serve its agents/employees, and this Court has not
ordered or denied this plaintiff['s] Writ.


(Underlining in original.) Approximately two weeks later, Cordova filed a response to the
trial court's November 4, 2005, service of process order. (1) In his response, Cordova
claimed the following:

I.

 Plaintiff would show that according to the law and rules of Texas all
defendants have been served.


 Texas Rules of Civ. Pro., Rule 21a: Methods of Service; "May be
served by delivering a copy to the party to be served, or the parties duly
authorized agent, or attorney of record, as the case may be, either in person
or by agent - - - or by such other manner as the Court in its discretion may
direct."


 Federal Rule - 1966; "If no address is known, by leaving it with the
Clerk of the Court." - - - - - "service by mail is complete upon mailing." Fed.
Rules of Civ. Prac[tice] Rule 5(b) 28 U.S.C.A.


 V.T.C.A. Civ. Pract[ice] & Rem § 17.026: Service on the Secretary of
State; (a) "In an action in which citation may be served on the Secretary of
State, - - - - "By the clerk of the court in which the case is pending - - - -."


II.


 On July 1, 2003, Plaintiff['s] Original Petition was duly filed and dated
in this Court. Along with the Original Petition Plaintiff included enough copies
for each defendant. Only K. Martin was served.


 The Honorable Clerk of this court, mailed and served the Secretary
of State; Gwyn Shea, Secretary.


 On July 10th 2003, Ms. Sylvia Gonzales, Secretary in the Citation
Unit, wrote and wanted this Plaintiff to pay for the serving.


 Citation Unit #2003-079488-1, R. McKinney

 " " #2003-079488-2, D. Apple

 " " #2003-079488-3, W. Hodge

 This court still has the one for O. Murray.


 On his wait, Plaintiff also wrote a writ of mandamus to order the
Secretary of State to serve the defendents [sic]. This court has not
considered nor denied said motion/writ etc. [sic].


III.


 Plaintiff has shown that he has done everything humanly possible
under the adverse conditions in which he finds himself and cannot compete
with the defendents [sic] and the courts [sic] continuence [sic] denials symply
[sic] because he is a prisoner filing his lawful suit.


 On November 13, 2006, more than a year after the trial court ordered Cordova to
serve the remaining defendants, and following a September 20, 2006, telephone hearing,
the trial court ordered all claims against appellees dismissed with prejudice, apparently on
the basis that the remaining defendants had not been served and because no diligence in
attempting to serve the defendants had been shown. (2) Cordova did not file a motion to
reinstate. See Tex. R. Civ. P. 165a(3). This appeal ensued. (3) II. Standard of Review and Applicable Law

 Whether the trial court erred in dismissing the suit depends upon whether it abused
its discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). It abuses
its discretion when it acts without reference to any guiding rules or principles or if the action
is arbitrary or unreasonable. Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990);
Nawas v. R & S Vending, 920 S.W.2d 734, 737 (Tex. App.-Houston [1st Dist.] 1996, no
writ). If, as here, the order of dismissal specifies no reason for the dismissal, the dismissal
must be affirmed if any proper ground supports the decision. Shook v. Gilmore & Tatge
Mfg. Co., 951 S.W.2d 294, 296 (Tex. App.-Waco 1997, pet. denied).

 Among other things, a trial court may dismiss a suit for want of prosecution through
the exercise of its inherent power due to the lack of diligence. See Villarreal v. San Antonio
Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); see also Tex. R. Civ. P. 165a(1) & (2)
(discussing the authority of the trial court to dismiss as provided by a rule of procedure). 
The central issue to be addressed in this case, therefore, is whether Cordova exercised
due diligence. (4) MacGregor, 941 S.W.2d at 75.

 In determining whether due diligence exists, the trial court may consider the entire
history of the case, including: (1) the length of time the case was on file; (2) the extent of
activity in the case; (3) whether a trial setting was requested; and (4) the existence of
reasonable excuse for delay. Polk v. Sw. Crossing Homeowners Ass'n, 165 S.W.3d 89,
97 (Tex. App.-Houston [14th Dist.] 2005, pet. denied); Christian v. Christian, 985 S.W.2d
513, 514-15 (Tex. App.-San Antonio 1998, no pet.); see Allen v. Rushing, 129 S.W.3d
226, 231 (Tex. App.-Texarkana 2004, no pet.) (reviewing as factors in diligence
determination (1) evidence of attempting to serve the defendants, (2) the time the suit was
on file, and (3) whether motion to reinstate had been filed). Due diligence is generally a
question of fact. Christian, 985 S.W.2d at 515 (citing MacGregor, 941 S.W.2d at 75-76).

 Upon the filing of an original petition, the district clerk shall, when requested by the
plaintiff, issue citation and deliver the same to the plaintiff. Tex. R. Civ. P. 99(a). It is the
responsibility of the party requesting service to see that service is properly accomplished. (5) 
See id.; Primate Const., Inc. v. Silver, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam). This
responsibility extends to seeing that the service is adequately reflected in the record. 
Primate Const., 884 S.W.2d at 153. "The duty to exercise diligence continues until service
of process is achieved." Boyattia v. Hinojosa, 18 S.W.3d 729, 733 (Tex. App.-Texarkana
2000, pet. denied).

III. Analysis

 On appeal, Cordova asserts that he "clearly presented enough evidence of his
compliance with the service requirements." Cordova, however, relies on a single fact
supported by the record--that the clerk entered into the record the receipt of Cordova's
original petition. He argues that "[t]he fact that the Court did not receive [his] last motion
does not in its self [sic] constitute failure to comply with serving order [sic]." He also urges
"[i]f court records do not reflect the mailing of [his] petition and serving order, [he] cannot
be held responsible for that." Cordova contends that he has complied with Texas and
federal law requiring service of process, that the Secretary of State has been served, and
that the Citation Unit has failed to serve its agents/employees. Yet, Cordova has offered
no proof of service--no proof that the clerk mailed the petitions to the Secretary of State
and gave petitions and citation orders to a court officer, as he now asserts on appeal.

 Evidence of attempting to serve the named defendants is a factor an appellate court
may consider in reviewing a trial court's order dismissing a case for want of prosecution. 
Allen, 129 S.W.3d at 231. Our review of the record reveals that there is nothing to
establish that service was accomplished. Indeed, the record does not reflect that Cordova
even requested the issuance of citation or specified a manner of delivery of citation (such
as by a private process server, through the sheriff's office, by publication, or by certified
mail). See Tex. R. Civ. P. 99, 103 (setting out who may serve), 106 (setting out method of
service); Allen, 129 S.W.3d at 231. Without such information, which was Cordova's
responsibility, the clerk was unable to carry out his duty of serving citation. Likewise, we
note there is no return of citation or any other documentation in the record establishing that
appellees, or their agents, were ever properly served with the petition. Furthermore, the
record does not reflect that Cordova requested certificates from the Secretary of State to
establish that the citations, if served on the Secretary of State, were forwarded to the
defendants. See Campus Invs. v. Cullever, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam);
Capitol Brick v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex. 1986).

 Neither does Cordova explain why he made no other attempts to secure service. 
He claims to have submitted a "writ of mandamus" to the trial court requesting that the
court order the Secretary of State to serve the remaining defendants and that his request
remains unanswered. However, the petition for writ of mandamus does not appear in the
record, and there is no other evidence supporting the filing of the petition. Moreover, in its
November 4, 2005 order, the trial court informed Cordova that his case would be subject
to dismissal for want of prosecution if he did not serve process on the remaining
defendants within 60 days. Cordova does not explain why he made no attempt to arrange
for issuance of citation after being ordered to accomplish service on the defendants. On
November 13, 2006, more than a year later, the trial court dismissed the suit, apparently
because Cordova did not demonstrate he had prosecuted his suit by serving the remaining
defendants and because Cordova did not show diligence in attempting to do so. Thus,
Cordova failed to diligently pursue his claim.

 In determining due diligence in service of process, we may also consider the length
of time the case was on file. See Polk, 165 S.W.3d at 97; Allen, 129 S.W.3d at 231;
Christian, 985 S.W.2d at 514-15. Cordova's lawsuit was on the trial court's docket for more
than three years. The record does not show that during those three years, Cordova
contacted the clerk's office with further instructions on serving and citing the listed
defendants. Although Cordova asserts the Secretary of State and the Unit had been
served and that those entities had not given the citations to their employees, there is
nothing in the record to support this assertion. There is no evidence in the record showing
that appellees were ever served as Cordova suggests. The trial court, in fact, issued an
order stating that Cordova was to secure service on the defendants who remained after
Martin was severed from the case. From this order, one could easily infer service had not
been accomplished on four of the defendants. If he had used ordinary diligence, Cordova
should have been able to determine that the citations had not issued and service had not
been completed because he had not provided the clerk with sufficient information on the
method of citation and service. See Allen, 129 S.W.3d at 231. Cordova made no request
for additional time to serve the defendant. Accordingly, the lengthy delay, without
explanation from Cordova other than arguments that others were not doing their jobs,
including the trial court's failure to respond to his petition for writ of mandamus, supports
the trial court's implied finding that Cordova was not diligent in prosecuting his lawsuit.

 Finally, if a trial court dismisses a case for want of prosecution, the plaintiff may file
a motion to reinstate the case. See id.; Tex. R. Civ. P. 165a(3). Such a motion may
provide evidence the plaintiff acted diligently in pursuing the case. See id. (citing Tex. R.
Civ. P. 165a(3)). Cordova did not file a motion for reinstatement. See Tex. R. Civ. P.
165a(3). 

 Cordova claims that he "has done everything humanly possible under the adverse
conditions in which he finds himself. A prisoner in State custody can only do so much,
according to law." However, that a plaintiff, in this case an inmate, may be acting pro se
does not matter, for those representing themselves have the duty to prosecute their claims
with due diligence just as do all other litigants, under the same rules as a licensed attorney. 
Strange v. Cont'l Cas. Co., 126 S.W.3d 676, 677 (Tex. App.-Dallas 2004, pet. denied);
Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.-Houston [1st Dist.] 1996, no writ);
see Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); cf. Wheeler v.
Green, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (recognizing that although persons
who appear pro se are entitled to greater leniency when construing the meaning of their
pleadings, pro se litigants are, nevertheless, not exempt from the rules of procedure); Minix
v. Gonzales, 162 S.W.3d 635, 637 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (applying
the Haines rule, the court concluded that "[a] pro se inmate's petition should be viewed with
liberality and patience and is not held to the stringent standards applied to formal pleadings
drafted by attorneys"). But see In re Marriage of Buster, 115 S.W.3d 141, 144-45 (Tex.
App.-Texarkana 2003, no pet.) (concluding that the level of reasonable diligence for a
prison inmate is somewhat lower than that for a litigant who is free and represented by
counsel because an inmate cannot personally appear unless the court orders the prison
officials to allow it, and if the inmate is pro se, his ability to participate in the activities
designed to bring his cases to trial is seriously limited). Cordova accepted the role of a pro
se plaintiff. He had the burden of prosecuting his case with diligence, the same as any
licensed attorney. This he did not do.

 Based on our review of the record, we cannot say the trial court acted without
reference to any guiding rules and principles--that its act was arbitrary or unreasonable. 
Koslow's, 796 S.W.2d at 704. Considering the entire history of the case, the length of time
the case was on file, the extent of activity in the case, and the existence or non-existence
of reasonable excuses for delay, the record does not support the conclusion that the trial
court abused its discretion in determining Cordova did not accomplish service and failed
to use reasonable diligence in advancing his case. Accordingly, because its decision to
dismiss has basis in law or fact, we conclude the trial court did not abuse its discretion
when it dismissed Cordova's claims against appellees. Having determined the threshold
issues against Cordova, we overrule issues one, two, and three. See Tex. R. App. P. 47.1.

IV. Conclusion

 We affirm the order dismissing the case.

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 20th day of November, 2007.
1. Cordova refers to the trial court's October 10, 2005, "service order." The record, however, contains only a
written order signed on November 4, 2005.
2. While the trial court ordered Cordova to serve the remaining defendants or his case would be subject to
dismissal for want of prosecution, it instead dismissed the case with prejudice. If the trial court's order
dismisses a suit with prejudice when only a dismissal without prejudice, or as in this case a dismissal for want
of prosecution, is appropriate, the notation of "with prejudice" must be challenged in some post-judgment
motion; otherwise, the error is waived and the suit cannot be refiled. El Paso Pipe & Sup. v. Mountain States
Leasing, 617 S.W.2d 189, 190 (Tex. 1981) (per curiam). Cordova did not challenge the trial court's dismissal
with prejudice; therefore, he has waived error.
3. Cordova certified that a copy of his brief was mailed to the Office of the Attorney General in care of Ginger
R. Phillips, who had represented Defendant Martin in the lawsuit. Cordova identified Phillips as attorney for
the defense. The remaining defendants in this lawsuit were not served with Cordova's brief. Accordingly, they
have not filed responsive briefs in this appeal.
4. Cordova raises the following three issues on appeal: (1) whether he is required to serve the defendants for
their agent's inactions after the Honorable Clerk of the Court mailed and delivered to defendant's agent a copy
of the petition and serving order; (2) whether he is required to go beyond the required Texas and federal laws
to serve the defendants where law requires their agents to be served by the District's Court Clerk in which the
case is pending; and (3) whether State agents are required by State statute to serve their employees or only
their non-employees. Each issue, however, is premised on service having been accomplished on the parties'
agents, if any, and on Cordova using due diligence in serving the parties. Therefore, we must first determine
whether the facts support the threshold issues before we can address the three issues outlined by Cordova. 
See Tex. R. App. P. 47.1.
5. Rule 99 provides, in pertinent part, that, on the filing of the petition, "the clerk, when requested, shall forthwith
issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall
be responsible for obtaining service of the citation and a copy of the petition." See Tex. R. Civ. P. 99.