# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-22-00317-CV
_____

### IN RE DAKOTA DIRECTIONAL DRILLING, INC.,
### DAKOTA UTILITY CONTRACTORS, INC., AND DAVID LUKE FOUSE

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 20-01-00732-CV**

_____

## MEMORANDUM OPINION

An order was issued on December 23, 2021, dismissing Trial Cause Number 20-01-00732-CV. Almost five months later, on May 20, 2022, the trial court declared that the dismissal order was ineffective and that the case remained pending as an active case on the court's docket. Three of the trial court defendants sought mandamus relief in this Court. They argue the December 2021 order is a final order for the purposes of determining when the trial court's plenary power expired and that the May 2022 order is void. The trial court plaintiffs argue the December order was interlocutory and that this Court lacks jurisdiction over this proceeding because

1

the mandamus petition is a collateral attack lodged against a valid order the trial court issued in May 2022. We conclude we possess mandamus jurisdiction over this proceeding, that the December 2021 order finally disposed of the entire case, that the trial court possessed the jurisdictional power to issue the December 2021 order and caused the order to issue, that the trial court's plenary power over the case expired before the trial court issued the May 2022 order, and that the May 2022 order is void. Accordingly, we conditionally grant mandamus relief.

Background

In January 2020, Kevin Josey and Kimberly Josey ("Josey") filed a personal injury suit against David Luke Fouse ("Fouse"), Dakota Directional Drilling, Inc., Dakota Underground Contractors, Inc., and Dakota Utility Contractors ("the Dakota Defendants") for personal injuries sustained in a motor vehicle accident. Josey alleged that Fouse, while operating a motor vehicle owned by one or more of the other defendants and in the scope of his employment with one or more of the other defendants, failed to control the vehicle and crashed into the rear of the vehicle driven by Kevin Josey. The Dakota Defendants filed answers. In September 2020, the trial court signed a docket control order ("DCO") that set a July 6, 2021 trial date and required a joint notice filing, as follows:

**JOINT NOTICE FILING:**         **14 DAYS BEFORE TRIAL**
All parties will file a SINGLE Joint Notice with the Court, answering:
    (1) Are you ready for trial?
    (2) What is the estimated length of time for trial?

2

(3) Do you need a Pre-Trial conference and, if so, why?

– The Court will take up pre-trial motions in the hour prior to trial. You should request a Pre-Trial conference only if you need more time than that.

(4) Are there any pending motions? If so, what are they and when were they filed?

(5) Are there any special needs or accommodations for the presentation of the case, including any issues related to the availability of counsel and witnesses?

If there is a disagreement among the parties as to any of these five items, the Joint Notice will state the positions of each of the parties.

**ANY PARTY WHO FAILS TO PARTICIPATE IN THE DRAFTING PROCESS WILL BE SUBJECT TO SANCTIONS, INCLUDING DISMISSAL FOR WANT OF PROSECUTION AND A FINDING OF ABANDONMENT OF CLAIMS OR DEFENSES PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 165 AND 165a.**

– If any party does not participate with the Joint Notice, the party or parties filing the Joint Notice shall identify who did not participate.

**IF A JOINT NOTICE IS NOT TIMELY FILED, THE COURT WILL PRESUME THAT THE PARTIES HAVE NO FURTHER INTEREST IN PURSUING OR DEFENDING THIS MATTER AND THE COURT WILL DISPOSE OF THIS SUIT BY DISMISSAL FOR WANT OF PROSECUTION AND A FINDING OF ABANDONMENT OF CLAIMS OR DEFENSES PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 165 AND 165a.**

In April 2021, Josey filed a motion for continuance. The trial court granted the motion for continuance in a written order and signed a new docket control order with a January 3, 2022 trial date and a joint notice filing due 14 days before trial. The court coordinator notified counsel by email that the trial court had granted the motion for continuance and issued a new docket control order.

In October 2021, Dakota Directional Drilling, Inc. and Dakota Utility Contractors, Inc. filed a motion for continuance and requested a new docket control order. The trial court granted the motion for continuance in a written order. On October 22, 2021, the trial court issued a new docket control order that set a May 2, 2022 trial date and required a joint notice filing 14 days before trial. The District Clerk notified Fouse that the trial court had signed the orders but the mandamus record does not show that the other parties were notified that the trial court had signed an order granting a continuance and issued a new docket control order. The Dakota Defendants submitted their pre-trial filings on December 21, 2021.

On December 23, 2021, the trial court signed an Order of Dismissal of Failure to File Joint Notice, as follows:

> On the 23rd day of December, 2021 came on the Court's pre-trial review of the above-styled and numbered case. After being duly ordered under the Court's Docket Control Order, the Parties failed to timely file the required Joint Notice Filing. The Court has previously noticed the Parties that failure to file the Joint Notice Filing may result in dismissal without further notice to the Parties.
>
> The Court, having considered the failure of the Parties to timely file the Joint Notice Filing and how heavily the Court relies upon the Joint Notice Filing in setting its dockets and trying its cases, finds that this case should be dismissed for want of prosecution.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above styled and numbered cause be dismissed and same is hereby removed from the docket of this Court.
>
> The Parties are hereby notified that upon filing a Motion to Reinstate the Movant must contact the Court via email to

4

amber.park@mctx.org to advise that such Motion has been filed. Any such Motion must be set on the Court's Submission Docket. The Movant is responsible for setting with the Court, filing and serving the Notice of Submission of the Motion to Reinstate.

The parties' lawyers received copies of the dismissal order. On December 28, 2021, Josey's lawyer sent an email to a court employee, as follows:

> We received the Order of Dismissal for Failure to file Joint Notice from your office. However, the new docket control order which was signed on October 22, 2021 by Judge Bays shows the Joint Notice is not due until April 18, 2022. I have attached a copy of the new docket control order for reference. Please correct this matter and notify all parties that this case will remain on the Court's Docket.

In April 2022, Josey filed another motion for continuance. In response, Dakota Directional Drilling, Inc. and Dakota Utility Contractors, Inc. argued that the trial court's plenary power over the case expired in January 2022, and the trial court lacked the authority to reinstate the case. The trial court held a hearing in which the attorneys discussed documents in the court's file but no testimony or other evidence was offered or admitted. The trial court explained:

> The date that we had on the calendar for you that was continued did not come off of our calendar, our trial calendar, which then prompted the – our court's administrator to look to see about whether joint notices had been filed 14 days before the first day of the two-week docket. Y'all had not filed one for the December dock- -- or I guess it was, like, January 2nd or something. But anyway, whenever y'all's original trial setting was, y'all hadn't filed one. Well, no surprise because your trial had been continued, but she didn't know that. So she sent out a DWOP notice, or let me be precise. She sent out a dismissal, and your case was actually dismissed back on December 23rd of 2021.

5

The reason that matters is because I'm – I'm flush out of plenary jurisdiction, and I can't do a thing to revive this case.

At the conclusion of the hearing the trial court noted that it was too late to correct the dismissal and Josey would have to re-file the lawsuit. Three days later Josey filed a Motion to Reconvene Status Conference. In the motion Josey asked the trial court to retain the case on the docket. In response, Dakota Directional Drilling, Inc. and Dakota Utility Contractors, Inc. argued the trial court had lost plenary power and no longer possessed the authority to reinstate the case.

On May 6, 2022, Josey filed a motion to declare the dismissal order ineffective. In this motion Josey asserted that on December 28, 2021, their counsel emailed a court employee in a communication they argued should be considered as a motion to reinstate the case. They argued the dismissal order as interlocutory because it was not signed after a formal presentation of evidence, did not state that "all relief not granted is denied", the new docket control order had removed the technical administrative requirements, and the defendants had outstanding claims for costs. They argued the trial court erroneously dismissed the case in its year-end DWOP docket because a superseding docket control order did not require action before the dismissal date.

The Dakota Defendants responded to Josey's motion by arguing that the dismissal order on its face disposed of the case and required the filing of a motion to reinstate within 30 days to extend the trial court's plenary power beyond 30 days

6

from the dismissal date. They asserted that the motion for a continuance had not been granted and on December 20, 2021, they submitted their pre-trial filings.

On May 19, 2022, Josey filed a motion to reinstate the case. In this motion Josey asserted that four days after the trial court signed the order and immediately upon receiving notice that the order had been signed, their counsel submitted an email that informed the trial court through a person designated to receive communications that the order had been entered in error because the effective docket control order did not require a joint notice filing on December 21, 2021. The following day they filed a reply to the Dakota Defendants' response. In that reply Josey accused the Dakota Defendants of trying to mislead the court by making a facially false statement that the order granting the motion for continuance and the docket control order had not issued.

On May 20, 2022, the trial court signed an order declaring the dismissal order ineffective, as follows:

> The Court has considered Plaintiffs' Motion to Declare Dismissal Order Ineffective and to Declare Continuing Pendency of Cause. After considering the motion before the Court, it is the opinion of the Court that the Motion should be granted. IT IS THEREFORE
> DECLARED, that the dismissal order signed on December 23, 2021 was signed in error as the result of a clerical/ministerial error of the court, and it is therefore ORDERED to be INEFFECTIVE. THE COURT FURTHER
> FINDS that the Docket Control Order signed on April 14, 2021 was superseded by the Docket Control Order signed on October 22, 2021, with the superseding order therefore being the controlling Docket Control Order on December 23, 2021, at the time the dismissal order

was signed. The October 22, 2021, Docket Control Order, on December 23, 2021, had no requirement for the filing of a Joint Notice Filing until April 18, 2022. That deadline was in fact met by Plaintiffs on April 18, 2022.

The Court therefore DECLARES this case to remain pending in the Court, and an active case on the Court's docket.

After declaring the dismissal order to have been ineffective, the trial court denied the motion for summary judgment of Dakota Underground Contractors, Inc. The trial court set the case for trial then reset the trial date to November 28, 2022. Fouse filed his original answer on September 16, 2022. On September 28, 2022, the four defendants filed a joint plea to the jurisdiction. The trial court stayed the trial until this mandamus proceeding concludes.

## Standard of Review

To be entitled to mandamus relief, a relator must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "Mandamus is proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). A relator has no adequate remedy at law when the trial court sets aside a judgment after its plenary power expired. *In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (orig. proceeding).

## Is the Dismissal Order Interlocutory?

Josey argues the December 2021 dismissal order was an explicitly interlocutory order properly set aside by the judge's May 2022 clarifying order. They

8

argue the interlocutory nature of the trial court's dismissal order is revealed by examining the Dakota Defendants' pleadings and a motion for summary judgment. The original answer filed by Dakota Directional Drilling, Inc. and Dakota Utility Contractors, Inc., invoked their right to a reduction of any dollar verdict which might be rendered in the cause by credit for payments made by other persons or entities, and their amended answer on file in December 2021 pleaded their entitlement to a dollar-for-dollar offset as an affirmative defense and asked that they be awarded costs. Dakota Underground Contractors, Inc. asked the trial court to render a take-nothing judgment and assess costs against the plaintiffs in its original answer, and it filed a motion for no-evidence summary judgment. On November 20, 2020, the trial court set the motion for summary judgment for submission on January 22, 2021.

Josey argues *Unifund CCR Partners v. Villa* supports their position that the dismissal order was interlocutory. *See* 299 S.W.3d 92, 94-97 (Tex. 2009). In *Unifund*, the defendant debtor filed a motion to impose sanctions on the plaintiff creditor under Chapter 10 of the Civil Practice and Remedies Code for its failure to make reasonable inquiry after it had knowledge of the debtor's bankruptcy discharge. *Id*. at 94. The creditor nonsuited its claims against the debtor. The trial court signed an "ORDER OF DISMISSAL" that stated, "the above styled and numbered cause be and is hereby dismissed with prejudice." Several months later the trial court signed "ORDER IMPOSING SANCTIONS AND FINAL

9

JUDGMENT" that specified it was a final order intended by the court and the parties to be final and appealable. *Id.* at 96-97. On direct appeal, the creditor argued the sanctions order had been signed after the trial court's plenary power expired. *Id.* at 95. Noting that the dismissal order did not mention the debtor's pending motion for sanctions, the Supreme Court rejected the creditor's argument that the sanctions order was void. *Id.* at 97.

Here, the trial court did not find that its December 2022 order had been interlocutory. The trial court found the order was ineffective because the order was signed in error as the result of a clerical or ministerial error of the court. A judgment is final if "it actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The plain language of the December 2021 order stated, "the above styled and numbered cause be dismissed and same is hereby removed from the docket of this Court." This language, which followed a finding that the parties had failed to file a joint notice, clearly and unequivocally dismissed the entire case, not just Josey's claims against Dakota Directional Drilling and Dakota Utility Contractors. In its order, the trial court also instructed the parties regarding the action required for the trial court to reinstate the case. The order may lack a basis in law, but "[e]rror is not the same as ambiguity."

10

*In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding). We conclude the dismissal order operated as a final judgment.

Josey argues the December 2021 dismissal order is void because "no procedural requirements upon which to ground a valid judicial act occurred." They claim the order is invalid because "it issued from pure fabrication and dropped out of the sky without any judicial action by the trial court." They argue the trial court did not reinstate the case in May 2022, but issued a clarifying order because it "recognized that without any further clarifying order, the order of December 23, 2021, might be construed by the parties to be something *other than* a random, arbitrary, and capricious computer-generated document[.]"

A judgment is void only when the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). All errors other than jurisdictional deficiencies render the judgment merely voidable. *Id*. If the court had the authority to adjudicate a case, and the court had jurisdiction over the parties and the subject matter, and the court did not act outside its capacity as a court, the judgment is not void. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). A dismissal for want of prosecution, even one that was erroneously dismissed with prejudice, is merely voidable. *El Paso Pipe and*

11

*Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189, 190 (Tex. 1981). A challenge to such a judgment must be timely made by direct attack, such as an appeal or a bill of review. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012).

The trial court ruled that the December 2021 order was ineffective because it was based on an erroneous premise that the parties had failed to timely meet their Joint Notice Filing requirement. "But only errors made in entering a judgment are clerical; an error in rendition is judicial." *In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (original proceeding). "[E]rrors in rendered and entered judgments are not clerical merely because they are based upon or grow out of clerical errors." *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968) (original proceeding). For instance, when an attorney mistakenly inserts finality language in an order granting a motion for partial summary judgment, the mistakenly inserted provision becomes a part of the court's judgment and therefore is a judicial error. *Elizondo*, 544 S.W.3d at 829.

In the May 2022 order, the trial court declared that the December 2021 dismissal order "was signed in error as the result of a clerical/ministerial error of the court[.]" The trial court found that the April 2021 docket control order had been superseded by the October 2021 docket control order, which set a new deadline for the Joint Notice Filing. We defer to the trial court's factual findings, which are supported by the record, but we review de novo the trial court's legal conclusions. *In re Facebook, Inc.*, 625 S.W.3d 80, 86 (Tex. 2021) (orig. proceeding). "A trial

12

court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Whether a trial court pronounced judgment and the terms of that pronouncement are questions of fact but whether an error in a judgment is clerical or judicial is a question of law. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). Whether errors in a judgment are judicial or clerical is a question of law. *Finlay*, 435 S.W.2d at 138.

A judgment may be rendered orally or in writing. *Knox v. Long*, 257 S.W.2d 289, 291 (Tex. 1953), *overruled on other grounds by Jackson v. Hernandez*, 285 S.W.2d 184, 264 (Tex. 1955). In *Knox*, the District Clerk prepared memoranda of dismissal on the docket sheets for 182 cases. *Knox*, 257 S.W.2d at 292. The trial court signed the docket sheets over the course of several days, then asked the clerk if any of the cases were still active and should not be dismissed. *Id*. The clerk identified two cases, including the Knox case, which were removed from the stack and laid aside not to be dismissed before the trial court delivered the stack to the clerk. *Id*. The trial court signed a blanket order dismissing for want of prosecution a list of 181 cases that were identified by trial court cause number and the names of the parties. *Id*. at 291. The District Clerk mistakenly included the Knox case on the list of cases on the blanket order of dismissal. *Id*. The Supreme Court held that the signed instrument was a memorial of what had occurred with the docket sheets and

13

the inclusion of the Knox case was a clerical error in the entry of judgment and not a judicial error in the rendition of judgment. *Id.* at 293. The Court reasoned that

> when the judge satisfied himself that there was no further reason for withholding judgment in the 180 cases and delivered the signed written memoranda of dismissal in such cases to the clerk for such further clerical action as was necessary to the recordation thereof he had rendered judgment in such cases just as effectively as if he had made an oral pronouncement of dismissal in each case separately in open court. On the other hand, when the judge pulled the docket sheets of cases out of the stack and laid them aside 'not to be dismissed' before the stack was delivered to the clerk, he terminated the possibility that the delivery of the sheets in those two cases would constitute the rendition of judgment therein just as effectively as if he had run a line through the entries on such sheets.

*Id.* at 292-93.

In *Universal Underwriters Insurance Company v. Ferguson*, the trial court dismissed a list of cases for want of prosecution, including Stedman's lawsuit against Universal Underwriters. *See* 471 S.W.2d 28, 29 (Tex. 1971) (orig. proceeding). More than thirty days after the trial court dismissed Stedman's case, the trial court signed an order purporting to reinstate the case on the court's docket because the trial court clerk had mistakenly mailed the dismissal docket notice to the defendant's lawyer and failed to mail a copy to the plaintiff's lawyer. *Id.* The Supreme Court conditionally granted mandamus relief. *Id.* at 31. Distinguishing *Knox*, the Court noted that Stedman's case had been included in the judgment rendered. *Id.* at 30. Although the trial court would not have dismissed the case if it had known the true

14

facts, dismissing the case was a judicial act that was not subject to correction after the thirty day period specified in Rule 329b expired. *Id.* at 30.

This case is distinguishable from *Knox* for the same reason that case was distinguished in *Universal Underwriters.* In *Knox*, the trial court determined as a factual matter that he has not rendered judgment dismissing the Knox case for want of prosecution. *See* 257 S.W.2d at 291. Here, the trial court found it did dismiss the case, but that it did so under a mistaken belief that the parties had missed the deadline for their Joint Notice Filing. That mistaken belief did not deprive the trial court of the authority to adjudicate the case, to exercise jurisdiction over the parties and the subject matter, or to act as a court.

Josey also argues the judgment is void because the court acted in a manner inconsistent with due process. The trial court possessed inherent authority to dismiss the case. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Post-dismissal procedure may provide an adequate means of attacking an erroneous dismissal for want of prosecution. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 852 (Tex. 2004). Josey received notice that the dismissal order had been signed and had an opportunity to file a motion to reinstate, a direct appeal, a restricted appeal, or a bill of review. We conclude Josey failed to establish that the December 2021 order is void on due process grounds.

15

Did the Trial Court Act After Plenary Power Expired?

Relators argue the trial court lost its plenary power in January 2022, and its subsequent orders, including the May 2022 order, are void. We agree. The trial court had jurisdictional power over the case on the date the trial court signed the December 2021 dismissal order. Consequently, whether the order was void or voidable, in May 2022 a bill of review was the exclusive remedy through which the trial court could grant relief. *See Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (op. on reh'g). We conclude the trial court abused its discretion by signing the May 2022 order because on that date its plenary power over the case had already expired.

Conclusion

We conclude the trial court clearly abused its discretion by declaring the dismissal order void after its plenary power expired and Relators lack an adequate remedy at law. *See Daredia*, 317 S.W.3d at 250. We are confident that the trial court will vacate its orders signed after January 24, 2022, including the May 20, 2022 order declaring the order of dismissal ineffective. The writ shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on May 31, 2023
Opinion Delivered June 1, 2023

Before Golemon, C.J., Johnson and Wright, JJ.

16